FILED

IN THE UNITED STATES DISTRICT COURT   2017 JUL 12  PM 3: 18
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

| | |
|---|---|
| Commodity Futures Trading Commission, | |
| Plaintiff, | Case No. 3:17-cv-774-J-32MCR |
| vs. | IN CAMERA ORDER GRANTING PLAINTIFF COMMODITY FUTURES TRADING COMMISSION'S EX PARTE MOTION FOR STATUTORY RESTRAINING ORDER, APPOINTMENT OF TEMPORARY RECEIVER, AN ACCOUNTING, EXPEDITED DISCOVERY, ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION, AND OTHER EQUITABLE RELIEF[1] |
| Jason B. Scharf (d/b/a Citrades.com and AutoTradingBinary.com); CIT Investments LLC; Brevspand EOOD; CIT Investments Ltd.; A & J Media Partners, Inc.; Michael Shah; and Zilmil, Inc., | |
| Defendants. | |
| | Hon. Timothy J. Corrigan |

Plaintiff, the Commodity Futures Trading Commission ("Commission"), has filed a

Complaint for Permanent Injunction and Other Relief and moved, pursuant to Section 6c(a)

of the Commodity Exchange Act (the "Act"), 7 U.S.C. § 13a-1(a) (2012), for an *ex parte*

statutory restraining order freezing assets, appointing a Temporary Receiver, and ordering

Defendants Jason Scharf, CIT Investments LLC ("CIT Investments"), Brevspand EOOD

("Brevspand"), CIT Investments, Ltd. ("CIT Anguilla"), A & J Media Partners, Inc. ("A&J

---

[1] Although this Order is filed under seal, the Clerk shall provide certified copies to counsel for the Commission who is authorized and directed to forthwith serve copies on Defendants with a copy of the complaint.  Once Defendants have been served, the Court will unseal the file upon motion.

Media"), Michael Shah, and Zilmil, Inc. ("Zilmil") (collectively, "Defendants") to show cause why a receiver should not be appointed and why a preliminary injunction should not be issued.

The Court has considered the pleadings, declarations, exhibits, and memorandum filed in support of the Commission's motion for a statutory restraining order, and held a hearing on the motion on July 12, 2017, the record of which is incorporated by reference. The Court finds that:

1.      This Court has jurisdiction over the parties and over the subject matter of this action pursuant to Section 6c of the Act,  7 U.S.C. § 13a-1.

2.      Venue lies properly within this District pursuant to Section 6c(e) of the Act, 7 U.S.C. §13a-1(e).

3.      There is good cause to believe that Defendants Scharf, CIT Investments, Brevspand, CIT Anguilla, and A&J Media, by and through their agents, principals, and control persons, hereinafter collectively referred to as "Citrades Defendants," have engaged in, are engaging in, or are about to engage in:

a.      off-exchange retail transactions in swaps, in violation of Section 2(e) of the Act, 7 U.S.C. § 2(e) (2012);

b.      off-exchange transactions in commodity options, in violation of Section 4c(b) of the Act, 7 U.S.C.§ 6c(b) (2012), and Regulation 32.2, 17 C.F.R. § 32.2 (2017); and

c.      fraud in violation of:

2

I.      Section 4c(b) of the Act, 7 U.S.C.§ 6c(b), and Regulation 32.4, 17 C.F.R. § 32.4 (2017), which prohibit fraud in connection with commodity options transactions;

II.     Section 4o(1) of the Act, 7 U.S.C. § 6o(1) (2012), which prohibits fraud by, among others, a commodity trading advisor ("CTA"), and Regulation 4.41(a), 17 C.F.R. § 4.41(a) (2017), which prohibits fraud in advertising by, among others, a CTA or any principal thereof; and

III.    Section 6(c)(1) of the Act, 7 U.S.C. § 9(1) (2012), and Regulation 180.1(a), 17 C.F.R. § 180.1(a) (2017), which prohibit fraud in connection with swaps transactions.

There is good cause to believe that from June 2013 through the present ("Relevant Period"), the Citrades Defendants, d/b/a Citrades.com and AutoTradingBinary.com, have operated a massive scam in which the Citrades Defendants fraudulently solicited customers to enter into illegal, off-exchange investments in so-called "binary options." During the Relevant Period, the Citrades Defendants received at least $16 million in customer funds and opened more than 140,000 accounts.

4.     There is good cause to believe that Defendants Shah and Zilmil, by and through their agents, principals, and control persons, hereinafter collectively referred to as "Zilmil Defendants," have engaged in, are engaging in, or are about to engage in:

a.     conducting activity with respect to off-exchange transactions in commodity options, in violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b), and Regulation 32.2, 17 C.F.R. § 32.2; and

b.    fraud in violation of:

I.    Section 4c(b) of the Act, 7 U.S.C.§ 6c(b), and Regulation 32.4, 17 C.F.R. § 32.4, which prohibit fraud in connection with commodity options transactions;

II.    Section 4o(1) of the Act, 7 U.S.C. § 6o(1), which prohibits fraud by, among others, a commodity trading advisor ("CTA"), and Regulation 4.41(a), 17 C.F.R. § 4.41(a), which prohibits fraud in advertising by, among others, a CTA or any principal thereof; and

III.    Section 6(c)(1) of the Act, 7 U.S.C. § 9(1), and Regulation 180.1(a), 17 C.F.R. § 180.1(a), which prohibit fraud in connection with swaps transactions.

5.    There is good cause to believe that during the Relevant Period, the Zilmil Defendants acted as third-party "affiliate marketers" who drive internet traffic to the Citrades Defendants by fraudulently soliciting customers to sign up for or purchase so-called binary options autotrading systems with names like "Millionaire Money Machine." When customers sign up for the autotrading systems, they are instructed to send money to the Citrades Defendants. During the Relevant Period, the Zilmil Defendants made gross revenues of more than $4 million from sales of its autotrading systems and another $500,000 in commissions from the Citrades Defendants.

6.    There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for customers in the form of monetary or other redress will occur from the sale, transfer, assignment, or other disposition by Defendants of

assets or records unless Defendants are immediately restrained and enjoined by Order of the Court.

7.      Therefore, there is good cause for the Court to freeze assets owned, controlled, managed, or held by or on behalf of, or for the benefit of Defendants.

8.      There is good cause for entry of an order prohibiting Defendants, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the Defendants, including any successor thereof, from destroying records and/or denying agents of the Commission access to inspect and copy records, when and as requested, to ensure that Commission representatives have immediate and complete access to those books and records.

9.      There is good cause for the Plaintiff to conduct expedited discovery in order to determine the full extent of Defendants' alleged wrongdoing, locate Defendants' other customers, identify customer funds and other assets of the Defendants and clarify the source and whereabouts of various funds.

10.     There is good cause for the appointment of a Temporary Receiver to take control of all assets owned, controlled, managed or held by, on behalf of, or for the benefit of Defendants in order to preserve assets, investigate and determine customer claims, determine unlawful proceeds retained by Defendants and amounts due to customers as a result of Defendants' alleged violations, and distribute remaining funds under the Court's supervision.

11.     There is good cause to require an accounting by Defendants to determine the location and disposition of customer funds.

12.     There is good cause to order repatriation of assets controlled by Defendants to assure payment of restitution and disgorgement as authorized and for the benefit of customers.

13.     Absent the entry of this statutory restraining order, the Defendants are likely to dissipate or transfer assets and destroy business records.

14.     Weighing the equities and considering the Commission's likelihood of success, this is a proper case for granting a statutory restraining order ex parte to preserve the status quo, protect public customers from loss and damage, and enable the Commission to fulfill its statutory duties, therefore the Court orders as follows:

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

15.     The term "assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, directly or indirectly controlled, and wherever located, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at other financial institutions), credits, receivables, lines of credit, contracts (including spot, futures, options, or swaps contracts), insurance policies, and all cash, wherever located, whether in the United States or outside the United States.

16.     The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 34(a), and includes, but is not limited to, all writings or printed matter of any kind, including without limitation:

6

records, correspondence, memoranda, notes, rolodexes, address books, diaries, statistics, e-mail, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice or intra-office communications, telephone message slips, offers, notations of conversations, bulletins, drawings, plans, computer printouts, computer input or output, teletypes, facsimiles, invoices, worksheets, ledger books, books of accounts, and all drafts, alterations, modifications, changes and amendments of any of the foregoing. The term "document" also includes graphs, charts, photographs, phonographic record, audio and video recordings, computer records, and other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonable usable form. The term "document" also refers to each and every document in Defendant(s)' actual or constructive possession, including but not limited to: (i) all documents within Defendant(s)' custody or control of any of Defendant(s)' present or former agents, employers, employees, partners, and (ii) all documents which Defendant(s) have a legal or equitable right to obtain from another person. A draft or non-identical copy is a separate document within the meaning of the term. A document also includes the file and folder tabs associated with each original and copy.

17.     "Defendant(s)" refers to Jason Scharf, CIT Investments, Brevspand, CIT Anguilla, A&J Media, Michael Shah, and Zilmil, and any person insofar as he or she is acting in the capacity of an officer, agent servant, employee, or attorney of any Defendant and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with any Defendant. "Defendant(s)"

also refers to any d/b/a, successor, affiliate, subsidiary, or other entity owned, controlled, managed, or held by, on behalf of, or for the benefit of Jason Scharf, CIT Investments, Brevspand, CIT Anguilla, A&J Media, Michael Shah, or Zilmil.

## RELIEF GRANTED

I. **Asset Freeze Order Prohibiting the Transfer, Removal, Dissipation and Disposal of Assets**

18.    **IT IS HEREBY ORDERED** that Defendants and their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with them, including any successor thereof, who receive actual notice of this Order by personal service or otherwise, are immediately restrained and enjoined, except as otherwise ordered by this Court, from directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any Defendants' assets, wherever located, including Defendants' assets held outside the United States, except as provided otherwise in Sections V and VI of this Order, or as otherwise ordered by the Court;

19.    Defendants are restrained and enjoined from directly or indirectly opening or causing to be opened any safe deposit boxes titled in the name of or subject to access by Defendants.

20.    Notwithstanding the provisions of this Section I, at the request of the Temporary Receiver, Defendants and any other person who has possession, custody, or control of any of Defendants' assets shall transfer possession of all assets subject to this Order to the Temporary Receiver in accordance with Section VII of this Order.

21.     The assets affected by this Order shall include both existing assets and assets acquired after the effective date of this Order.

## II.     Directives to Financial Institutions and Others

22.     **IT IS FURTHER ORDERED**, pending further Order of this Court, that any financial or brokerage institution, business entity, or person that holds or has held, controls or has controlled, or maintains or has maintained custody of any account or other of Defendants' assets at any time since June 2013 shall:

   a.     Immediately upon receipt of a copy of this Order, prohibit Defendants and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any of Defendants' assets, except as directed by further order of the Court.

   b.     Immediately upon receipt of a copy of this Order deny Defendants and all other persons access to any safe deposit box that is: (a) owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants, either individually or jointly; or (b) otherwise subject to access by Defendants.

   c.     Within five (5) business days of receiving a copy of this Order, provide the Temporary Receiver a statement setting forth: (a) the identification number of each and every account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants, either individually or jointly; (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is

received, and, if the account or other asset has been closed or removed, the
date closed or removed, the total funds removed in order to close the account,
and the name of the person or entity to whom such account or other asset was
remitted; and (c) the identification of any safe deposit box that is either
owned, controlled, managed, or held by, on behalf of, or for the benefit of
Defendants, either individually or jointly, or is otherwise subject to access by
any Defendants.

d.      Within ten (10) business days of a request by the Temporary Receiver, or such
longer period specified by the Temporary Receiver, provide the Temporary
Receiver with copies of all records or other documentation pertaining to such
account or asset, including, but not limited to, originals or copies of account
applications, account statements, signature cards, checks, drafts, deposit
tickets, transfers to and from the accounts, all other debit and credit
instruments or slips, currency transaction reports, 1099 forms, and safe
deposit box logs.

e.      Cooperate with all reasonable requests of the Temporary Receiver or the
Commission relating to implementation of this Order, including transferring
funds at the Temporary Receiver's direction and producing records related to
Defendants' accounts.

**III.    Maintenance of and Access to Business Records**

**IT IS HEREBY ORDERED that:**

10

23.    Defendants, and all persons or entities who receive notice of this Order by personal service or otherwise, are restrained from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner any documents that refer or relate in any manner to any transaction or matter described in the Complaint in this case, including the business practices or business or personal finances of any Defendant.

IV.    **Inspection and Copying of Books and Records**

       **IT IS FURTHER ORDERED that:**

24.    Representatives of the Commission (accompanied by representatives of other state or federal authorities, including the Federal Bureau of Investigation, if the Commission so desires) shall be allowed immediate and continued access to inspect the books, records, and other documents of the Defendants and their agents that refer or relate in any manner to any transaction or matter described in the Complaint in this case, including, but not limited to, paper documents, electronically stored information, tape recordings, and computer discs, when and as requested wherever they may be situated and whether they are in the possession of the Defendants or others, and to copy said documents, data and records, either on or off the premises where they may be situated.

25.    For email or other accounts that contain personal communications of the individual defendants not relating in any manner to any transaction or matter described in the Complaint, the Commission shall not disclose such communications, and shall treat such communications as confidential.

V.     **Order Appointing Temporary Receiver.**

       **IT IS FURTHER ORDERED that:**

26.     Kenneth Dante Murena of DAMIAN & VALORI LLP, 1000 Brickell Ave., Suite 1020, Miami, FL 33131 is appointed Temporary Receiver, with the full powers of an equity receiver, for Defendants and their affiliates and subsidiaries (hereinafter referred to as the "Receivership Defendants"), and of all the funds, properties, premises, accounts, income, money now or hereafter due or owing to the Receivership Defendants, and other assets directly or indirectly owned, beneficially or otherwise, by the Receivership Defendants (hereinafter, the "Receivership Estate").  The Temporary Receiver shall be the agent of this Court in acting as Temporary Receiver under this Order.

27.     The Temporary Receiver is directed and authorized to accomplish the following:

a.     Assume full control of the Receivership Defendants by removing Defendants, and any officer, independent contractor, employee, or agent of the Receivership Defendants, from control and management of the affairs of the Receivership Defendants;

b.     Take exclusive custody, control, and possession of the Receivership Estate with the full power to sue for, collect, receive and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, books, records, work papers, and records of accounts, including computer-maintained information, contracts, financial records, monies on hand in banks and other financial institutions, and other papers and documents of the Receivership Defendants and customers or clients whose interests are now held by or under the direction, possession, custody or control of the Receivership Defendants;

c.     Perform all acts necessary, including the suspension of operations, to conserve, hold, manage, and preserve the value of the Receivership Estate in order to prevent an irreparable loss, damage, or injury to customers;

d.     Prevent the withdrawal or misapplication of funds entrusted to the receivership Defendants, and otherwise protect the interests of customers or clients;

e.     Manage and administer the Receivership Defendants and the Receivership Estate by performing all acts incidental thereto that the Temporary Receiver deems appropriate, including hiring or dismissing any and all personnel, suspending operations, and/or entering into agreements, including but not limited to: (1) the retention and employment of investigators, attorneys, or accountants of the Temporary Receiver's choice, including without limitation members and employees of the Temporary Receiver firm, to assist, advise, and represent the Temporary Receiver; and (2) the movement and storage of any equipment, furniture, records, files or other physical property of the Receivership Defendants;

f.     Collect all money owed to the Receivership Defendants;

g.     Initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings in state, federal or foreign court that the Temporary Receiver deems necessary and advisable to preserve or increase the value of the Receivership Estate or that the Temporary Receiver deems

necessary and advisable to carry out the Temporary Receiver's mandate under this Order;

h.   Choose, engage and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Temporary Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

i.   Issue subpoenas to obtain documents and records pertaining to the Receivership and conduct discovery in this action on behalf of the Receivership Estate;

j.   Open one or more bank accounts  and deposit all funds of the Receivership Estate in such designated accounts and make all payments and disbursements from the Receivership Estate from such accounts;

k.   Make payments and disbursements from the Receivership Estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, provided that the Temporary Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except for payments that the Temporary Receiver deems necessary or advisable to secure the Receivership Estate from immediate and irreparable loss;

l.   Maintain written accounts itemizing receipts and expenditures, describing properties held or managed, and naming the depositories holding funds or

other assets of the Receivership Estate; make such written accounts and

supporting documentation available to the Commission for inspection; and,

within sixty (60) days of being appointed and periodically thereafter, as

directed by the Court, file with the Court and serve on the parties a report

summarizing efforts to marshal and collect assets, administer the Receivership

Estate, and otherwise perform the duties mandated by this Order.

VI.     **Accounting and Transfer of Funds and Documents**

28.     **IT IS FURTHER ORDERED** that within **five (5) business days** following

the service of this Order, each Defendant shall:

a.      Provide the Temporary Receiver with a full detailed accounting of all funds,

documents, and assets, including the assets inside and outside of the United

States that are held by each and every Defendant, for their benefit, or under

their direct or indirect control, whether jointly or singly.

b.      Transfer to the territory of the United States and deliver to possession,

custody, and control of the Temporary Receiver, all funds, documents, and

assets (other than real property) located outside of the United States that are

held by each and every Defendant, for their benefit, or under their direct or

indirect control, whether jointly or singly.

c.      Provide the Temporary Receiver access to all records of accounts or assets of

the Defendant(s) held by financial institutions located within or outside the

territorial United States by signing the Consent to Release of Financial records

attached to this Order.

**IT IS FURTHER ORDERED, that:**

29.     Defendants shall, within 24 hours of service of this Order, cause to be prepared and delivered to the Temporary Receiver, a detailed and complete schedule of all passwords and identification (ID) numbers for all websites, cloud storage services, videophone accounts and all accounts at any bank, financial institution or brokerage firm (including any introducing broker or futures commission merchant) operated by or to which any of the Defendants has access.

30.     Defendants shall, within 24 hour of the issuance of this Order, cause to be prepared and delivered to the Temporary Receiver, a detailed and complete schedule of all desk top computers, laptop computers and or mobile devices owned and/or used by them in connection with their business.  The schedules required by this section shall include at a minimum the make, model and description of each, along with the location, the name of the person primarily assigned to use the computer and/or mobile device, and all passwords necessary to access and use the software contained on the computer and/or mobile device. The Commission shall be authorized to make an electronic, digital or hard copy of all of the data contained on the computer(s) and/or mobile device(s) that refer or relate in any manner to any transaction or matter described in the Complaint in this case.

31.     For email or other accounts that contain personal communications of the individual defendants not relating in any manner to any transaction or matter described in the Complaint, the Temporary Receiver shall not disclose such communications, and shall treat such communications as confidential.

**VII.    Turning Over Property to the Temporary Receiver**

**IT IS FURTHER ORDERED that:**

32.     Immediately upon service of this Order upon them, Defendants, and any other person or entity served with a copy of this Order, shall immediately or within such time as permitted by the Temporary Receiver in writing, deliver over to the Temporary Receiver:

a.     Possession and custody of all funds, assets, property, and all other assets, owned beneficially or otherwise, wherever situated, of the Receivership Defendants;

b.     Possession and custody of records of the Receivership Defendants, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other records of the Receivership Defendants;

c.     Possession and custody of all funds and other assets belonging to members of the public now held by the Receivership Defendants;

d.     All keys, computer passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or records of the Receivership Defendants, including but not limited to, access to the Receivership Defendants' business premises, means of communication, accounts, computer systems, or other property; and

e.     Information identifying the accounts, employees, properties or other assets or obligations of the Receivership Defendants.

## VIII.   Directive to Cooperate with Temporary Receiver

**IT IS FURTHER ORDERED that:**

33.     Defendants, and all other persons or entities served with a copy of this order shall cooperate fully with and assist the Temporary Receiver.  This cooperation and assistance shall include, but not be limited to, providing any information to the Temporary Receiver that the Temporary Receiver deems necessary to exercising the authority as provided in this Order; providing any password required to access any computer or electronic files in any medium; and discharging the responsibilities of the Temporary Receiver under this Order, and advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Temporary Receiver.

## IX.   Stay on Actions By the Receivership Defendants

**IT IS FURTHER ORDERED that:**

33.     Except by leave of the Court, during the pendency of the receivership ordered herein, the Defendants, and all other persons and entities be and hereby are stayed from petitioning, or assisting in the filing of a petition, that would cause the Receivership Defendants to be placed in bankruptcy.

## X.   Compensation for Temporary Receiver and Personnel Hired by the Temporary Receiver

**IT IS FURTHER ORDERED that:**

34.     The Temporary Receiver and all personnel hired by the Temporary Receiver shall comply with Billing Instructions attached hereto.

## XI.   Bond Not Required of Plaintiff or the Temporary Receiver

**IT IS FURTHER ORDERED that:**

35.     As Plaintiff Commission is an agency of the United States of America, which has made a proper showing under Section 6c(b), 7 U.S.C. 13a-1(b), this restraining order is granted without bond.  Accordingly, the Temporary Receiver need not post a bond.

**XII.    Service of Order**

      **IT IS FURTHER ORDERED that:**

36.     Copies of this Order may be served by any means, including facsimile or email transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any Defendant, or that may be otherwise subject to any provision of this Order.

37.     Staff of the Division of Enforcement, or representatives thereof, representatives of the United States Marshal Service, and representatives of any state or local law enforcement agencies in the jurisdictions, including the Federal Bureau of Investigation, in which any Defendant resides are specially appointed by the Court to effect service. Further, service of the Summons, Complaint, or other process may be effected by any Commission representative, any U.S. Marshal or deputy U.S. Marshal, any representative of the Federal Bureau of Investigation, or in accordance with Fed. R. Civ. P. 4, and service on corporate entities may be effected by serving the Summons, Complaint, or other process via overnight delivery to the registered agent of said corporate entities.

**XIII.    Assistance of U.S. Marshals Service and Other Law Enforcement Personnel**

      **IT IS FURTHER ORDERED that:**

38.     The United States Marshal's Service and the Federal Bureau of Investigation are authorized to accompany and assist (a) the Commission's representatives in the service

and execution of the Summons, Complaint and this Order and  to undertake such efforts as

are reasonably necessary to ensure that the Commission's representatives have an unimpeded

right to inspect and copy books, records, and documents as set forth above wherever such

books, records, and documents are or are believed by the Commission to be located, and

(b) the Temporary Receiver in taking control and custody of the assets, records and business

premises of the Receivership Defendants.

## XIV.   Expedited Discovery

### IT IS FURTHER ORDERED that:

39.     Notwithstanding the prohibition upon discovery before the early meeting of

counsel pursuant to Fed. R. Civ. P. 26(f), in accordance with Fed. R. Civ. P. 26(d), the

Commission is granted leave to conduct expedited discovery at any time after service of this

Order, to take the deposition of and demand the production of documents from any person or

entity for the purpose of discovering the nature, location, status, and extent of assets of the

Defendants, and the location of documents reflecting the business transactions  of the

Defendants; forty-eight (48) hours' notice, personally, by facsimile or by electronic mail,

shall be deemed sufficient for any such deposition and five (5) days' notice, personally, by

facsimile or by electronic mail, shall be deemed sufficient for the production of any such

documents.

40.     The Commission may conduct expedited discovery to enable the Commission

to fulfill its statutory duties and protect investors from further loss or damage.  This

expedited discovery will allow the Commission to determine the full extent of

Defendant's/Defendants' alleged wrongdoing (including, but not limited to, the possible

involvement of others), locate Defendant's/Defendants' other customers, identify customers' funds and other of Defendants' assets, and clarify the sources of various funds.

41.     No deposition taken pursuant to this section XIII shall count towards the ten-deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(A)(i).

## XV.   Service on the Commission

### IT IS FURTHER ORDERED that:

42.     The Defendants shall comply with all electronic filing rules and requirements of the U.S. District Court of the Middle District of Florida, Jacksonville Division, and shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Commission by delivering a copy to Senior Trial Attorney Ashley J. Burden, Division of Enforcement, Commodity Futures Trading Commission, 525 West Monroe Street, Suite 1100, Chicago, Illinois 60661, aburden@cftc.gov, by electronic filing, e-mail, personal delivery or courier service (such as Federal Express or United Parcel Service) and not by regular mail due to potential delay resulting from heightened security and decontamination procedures applicable to the Commission's regular mail.

## XVI.   Order to Show Cause

### IT IS FURTHER ORDERED that:

43.     Each of the Defendants shall appear before this Court on **Wednesday, July 26, 2017, at 2:00 p.m.** before the Honorable Timothy J. Corrigan, Courtroom 10-D at the United States Courthouse for the Middle District of Florida at 300 N. Hogan Street, Jacksonville, Florida 32202, to show cause, if there be any, why an Order for Preliminary Injunction should not be granted to prohibit further violations of the Act and Regulations and

why this Court should not continue the freeze on the assets of the Defendants, make the Temporary Receiver's appointment permanent, and order any additional Relief this Court deems appropriate pending trial on the merits of this action. **The temporary receiver is also directed to appear in person at the hearing.** Should any party wish to file a memorandum of law or other papers in opposition to the Commission's Motion for Preliminary Injunction against the Defendants, all papers shall be filed on or before **Monday, July 24, 2017 at 12:00 p.m.**, and upon Senior Trial Attorney Ashley J. Burden, Division of Enforcement, Commodity Futures Trading Commission, 525 West Monroe Street, Suite 1100, Chicago, Illinois 60661, aburden@cftc.gov, by electronic filing, e-mail, personal delivery or courier service (such as Federal Express or United Parcel Service), and not by regular mail. Any Defendant who files such papers shall be subject to a limit of 25 pages, exclusive of exhibits. Service of all papers shall be by electronic mail, facsimile, or personal service.

44.     The Commission shall file proof of service forthwith as each Defendant is served.

## XVII.  Force and Effect

### IT IS FURTHER ORDERED that:

45.     This Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes. However, the Court recognizes that this Order is being entered on an ex parte basis and Defendants will be provided a full opportunity to be heard at the hearing on the Commission's motion for preliminary injunction.

**IT SO ORDERED**, at Jacksonville, Florida on this 12th day of July 2017, at __3:05__ p.m.

_____
BRIAN J. DAVIS
UNITED STATES DISTRICT JUDGE
(for the Honorable Timothy J. Corrigan, in
his absence)

Copies with attached Billing Instructions and Consent form:

Ashley J. Burden, Esq.

Eric L. Schleef, Esq.

Joseph Konizeski, Esq.