

## BILLING INSTRUCTIONS FOR RECEIVERS IN CIVIL ACTIONS COMMENCED BY THE U.S. COMMODITY FUTURES TRADING COMMISSION

Except where inconsistent with guidelines established by the applicable district or circuit court, the undersigned hereby represents that, if appointed receiver in a civil action commenced by the U.S. Commodity Futures Trading Commission ("Commission"), each application for professional fees and expenses (the "Application") submitted by the receiver, including all contractors and/or professionals retained by the receiver, will comply with these billing instructions (the "Billing Instructions"). Undersigned further represents that any deviation from the Billing Instructions will be described in writing and submitted to the Commission at least 30 days prior to the filing of the Application with the Receivership Court. Following its receipt and review of proposed applications as described in section A.2 below, the Commission may object to deviations and charges with which it does not agree.

Undersigned acknowledges that all applications for compensation are interim and are subject to a cost benefit review and final review at the close of the receivership. At the close of the receivership, the receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the receiver during the course of the receivership.

Undersigned acknowledges that, to the extent requested by the Commission, interim fee applications may be subject to a holdback of 20% of the amount of fees and expenses for each application filed with the Court. The amounts held back during the course of the receivership will be paid out at the discretion of the court as part of the final fee application submitted at the close of the receivership.

Undersigned acknowledges that, all compensation will be paid from the receivership estate and under no circumstances will the Commission be liable for receivership fees and/or expenses.

I. CERTIFICATION

    A. Each Application must contain a Certification by the Applicant that:
        i. The Certifying Professional has read the Application;
        ii. To the best of the Applicant's knowledge, information and belief formed after reasonable inquiry, the Application and all fees and expenses therein are true and accurate and comply with the Billing Instructions (with any exceptions specifically noted in the Certification and described in the Application);
        iii. All fees contained in the Application are based on the rates listed in the Applicant's fee schedule attached hereto and such fees are

        reasonable, necessary and commensurate with the skill and experience required for the activity performed;

      iv. The Applicant has not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission); and,

      v. In seeking reimbursement for a service which the Applicant justifiably purchased or contracted for from a third party (such as copying, imaging, bulk mail, messenger service, overnight courier, computerized research, or title and lien searches), the Applicant requests reimbursement only for the amount billed to the Applicant by the third-party vendor and paid by the Applicant to such vendor. If such services are performed by the receiver, the receiver will certify that it is not making a profit on such reimbursable service.

  B. At least 30 days prior to the filing of the Application with the Court, the Applicant will provide to CFTC counsel a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by CFTC staff.

II. ATTENDANCE AT HEARING ON APPLICATION

  The Receiver or other Certifying Professional shall be present at any hearing to consider the Application.

III. CONTENT OF APPLICATION

  The following information must be provided in the Application:

  A. Information about the Applicant and the Application.
      i. The time period covered by the application;
      ii. The date the receiver was appointed, the date of the order approving the employment of the Applicant and the date services commenced;
      iii. The names and hourly rates of all Applicant's professionals and paraprofessionals (the "Fee Schedule"); and
      iv. Whether the Application is interim or final, and the dates of previous orders on interim Applications along with amounts requested and the amounts allowed or disallowed, all amounts of previous payments, and amount of any allowed Applications which remain unpaid.

  B. Case Status (Narrative)
      i. The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;
      ii. Summary of the administration of the case, including all funds received and disbursed, and when the case is expected to close;
      iii. Summary of creditor claims proceedings, if applicable, including a description of established or anticipated procedures for: (i) providing notice to known and unknown claimants; (ii) receipt and review of

claims; (iii) making recommendations to court for payment or denial of claims; and (iv) final disposition of claims. This summary should also include the status of such claims proceedings after they have been commenced;

    iv. Description of assets in the receivership estate, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended; and,

    v. Description of liquidated and unliquidated claims held by the receiver, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and (ii) collecting such judgments).

C. Current and Previous Billings
    i. Total compensation and expenses requested and any amount(s) previously requested;
    ii. Total compensation and expenses previously awarded by the court; and
    iii. Total hours billed and total amount of billing for each person who billed time during the period for which fees are requested.

D. Standardized Accounting Report

The CFTC's Standardized Accounting Report ("Report") submitted by the Receiver for the most recent quarter shall be attached to any fee application as an exhibit. A Report form is attached.

IV. TIME RECORDS REQUIRED TO SUPPORT FEE APPLICATIONS

A. Each professional and paraprofessional must record time in increments of tenths of an hour, and must keep contemporaneous time records on a daily basis.

B. Time records must set forth in reasonable detail an appropriate narrative description of the services rendered. Without limiting the foregoing, the description should include indications of the participants in, as well as the scope, identification and purpose of the activity that is reasonable in the circumstances.

C. If applicable, the Application should separately describe each business enterprise or litigation matter (*i.e.*, Project) for which outside professionals have been employed. For example, separate litigation matters should be set out individually in the Application as individual Projects and each such Project should contain Activity Categories as described in Sections IV.D and IV.E below. Each Project Category should contain a narrative summary of the following information:
    i. A description of the project, its necessity and benefit to the estate and the status of the project including pending litigation for which compensation and/or reimbursement of expenses is requested;
    ii. Identification of each person providing services on the project; and

      iii. A statement of the number of hours spent and the amount of compensation requested by professionals and paraprofessionals on the project.

D. In recording time, each professional and paraprofessional may, subject to Section IV.D.v below, describe in one entry the nature of the services rendered during that day and the aggregate time expended for that day in an Activity Category (as described below) without delineating the actual time spent on each discrete activity in an Activity Category, provided, however, single time entries of more than one hour in an Activity Category that include two or more activities must include a notation of the approximate time spent on each activity within the Activity Category.

E. Time records shall be in chronological order by Activity Category. Only one category should be used for any given activity and professionals and paraprofessionals should make their best effort to be consistent in their use of categories. This applies both within and across firms. Thus, it may be appropriate for all professionals to discuss the categories in advance and agree generally on how activities will be categorized. Every effort should be made to use the listed categories in the first instance and to coordinate the use of additional categories with other professionals in the case. Notwithstanding the above, all categories must correspond with the Report. The time information reflected on the Application shall also be supplied to the CFTC counsel in an electronic format as directed by CFTC staff.

    i. *Legal Activity Categories*. The following categories are generally more applicable to attorneys but may be used by all professionals where appropriate:

        1. Asset Analysis and Recovery. Identification and review of potential assets including causes of action and non-litigation recoveries.
        2. Asset Disposition. Sales, leases, abandonment and related transaction work. Where extended series of sales or other disposition of assets is contemplated, a separate category should be established for each major transaction.
        3. Business Operations. Issues related to operation of an ongoing business.
        4. Case Administration. Coordination and compliance activities, including preparation of reports to the court, investor inquiries, etc.
        5. Claims Administration and Objections. Expenses in formulating, gaining approval of and administering any claims procedure.

    ii. *Financial Activity Categories*. The following categories are generally more applicable to accountants and financial advisors, but may be used by all professionals where appropriate:

        1. Accounting/Auditing. Activities related to maintaining and auditing books of account, preparation of financial statements and account analysis.

2. Business Analysis. Preparation and review of company business plan; development and review of strategies; preparation and review of cash flow forecasts and feasibility studies.
3. Corporate Finance. If appropriate, review financial aspects of potential mergers, acquisitions and disposition of company or subsidiaries.
4. Data Analysis/Computer Forensics.
5. Status Reports. Preparation and review of periodic reports as may be required by the court.
6. Litigation Consulting. Providing consulting and expert witness services relating to forensic accounting, etc.
7. Forensic Accounting. Reconstructing books and records from past transactions and bringing accounting current; tracing and sourcing assets.
8. Tax Issues. Analysis of tax issues and preparation of state and federal tax returns.
9. Valuation. Appraise or review appraisals of assets.

V. PAYMENT OF FEES AND EXPENSES

   A. Presentation of Fees and Expenses in Application

      i. All fees and expenses must be necessary and reasonable; excessive charges will not be paid. To the extent that an Applicant seeks reimbursement of expenses, the Application shall include a categorization of such expenses along with an exhibit summarizing the total expenses for the period covered by the Application.

      ii. All charges for litigation must be reasonably likely to produce a net economic benefit to the estate. With respect to each litigation matter, the Applicant shall certify that the Applicant determined that the action was likely to produce a net economic benefit to the estate, based on reviews of:
1. The legal theories upon which the action was based, including issues of standing;
2. The likelihood of collection on any judgment which might be obtained; and
3. Alternative methods of seeking the relief, such as the retention of counsel on a contingency basis. Retention of counsel on a contingency fee basis should be pursued where the Receiver (after consulting with Commission counsel) concludes that retention of counsel under the approved fee schedule would produce a lesser economic benefit to the receivership estate. The Receiver should memorialize these cost-benefit analyses, through communications with the Receiver's counsel, as support for the engagement of such counsel.

    iii. Invoices and/or bills for each expense item for which reimbursement is sought must be kept for seven (7) years after the close of the receivership. Such support shall be provided on request to the court and the CFTC and, in appropriate circumstances, to any party in interest; provided that, where applicable, privilege or confidentiality can be preserved.

    iv. Time spent preparing fee applications, or any documentation in support thereof, may not be charged to the receivership estate.

B. Allowable and Non-Allowable Reimbursable Expenses

    i. *Filing Fees, Process Service Fees, Witness Fees and Expert Witness Fees.* Filing fees, process service fees, witness fees and expert witness fees (subject to court approval of the employment of any professionals and the reasonableness of such fees shall be allowable to the extent of the actual cost incurred by the Applicant.

    ii. *Court Reporter Fees and Transcripts.* Court reporter fees and copies of transcripts shall be allowable to the extent of the actual cost incurred by the Applicant.

    iii. *Lien and Title Searches.* The cost for lien and title searches (whether done in house or by an outside vendor is allowable to the extent of the actual cost incurred by, or invoiced to, the Applicant.

    iv. *Photocopying.* Photocopying shall be allowable at a cost not to exceed $.15 per page. The Applicant shall set forth in its fee application the total number of copies. Outside vendor photocopying charges are allowable at the actual cost invoiced to the Applicant. Necessary copies obtained from the Clerk of the Court (including certified copies) or from the court approved copy service will be permitted at the actual cost incurred by the Applicant. The Applicant shall not reflect on the Application any copies for which the Applicant has been, or expects to be, reimbursed (e.g. payment from the opposing party for document production from which the Applicant has been reimbursed).

    v. *Postage, Overnight Delivered Courier/Messenger Services.* The cost of postage, overnight delivery, and outside courier/messenger services are reimbursable for the actual cost incurred, if reasonably incurred. Charges should be minimized whenever possible. For example, couriers/messengers and overnight delivery service should only be used when first-class mail is impracticable.

    vi. *Telephone.* Long distance telephone charges are allowable to the Applicant for the actual cost invoiced from the telephone carrier. Charges for local telephone exchange service and cellular telephone service shall not be reimbursable.

    vii. *Facsimile Transmission.* A charge for outgoing transmission to long distance telephone numbers are reimbursable at the lower of (1) toll

       charges or (b) if such amount is not readily determinable, $1.00 per page for domestic and $2.00 per page for international transmissions. Charges for in-coming facsimiles are not reimbursable. The Application shall state the total number of pages of the outgoing transmissions.

  viii. *Computerized Legal Research.* Computerized legal research services such as Lexis and Westlaw are reimbursable to the extent of the invoiced cost from the vendor; however, if such service is provided on a monthly or other periodic rate, proportional usage shall not be reimbursable.

  ix. *Parking.* Reimbursement for parking is allowable, including parking by a professional to attend court proceedings, depositions or case conferences, parking at the airport, and client and third party parking.

  x. *Travel Expenses and Meals.* Local travel time and related expenses for destinations within a twenty (20) mile radius of the Applicant's office including mileage, taxis, etc. and meals will NOT be reimbursed. Mileage charges for out-of-town travel (outside a twenty (20) mile radius of the Applicant's office) with one's own car are reimbursable at the lesser of the amount customarily charged clients or the amount allowed by the Internal Revenue Service for per mile deductions. For purposes of the foregoing, the Applicant's office shall be the office in which the person incurring the travel expense is located.

      Long distance travel time outside a twenty (20) mile radius of the Applicant's office is reimbursable at 50% of the Applicant's regular billing rate. The reimbursement of long distance travel expenses is subject to the following limitations: 1) the Applicant shall seek and use the lowest airfare or train fare available to the Applicant; 2) luxury accommodations and deluxe meals are not reimbursable; 3) personal, incidental charges such as telephone and laundry are not reimbursable unless necessary as a result of a reasonably unforeseen extended stay not due to the fault of the traveler; and 4) each out-of-pocket travel and allowable miscellaneous administrative expense requires a receipt that is to be attached to the invoice.

  xi. *Word Processing, Document Preparation, Data Processing, Proofreading, Secretarial and Other Staff Services.* Secretarial, library, word processing, document preparation (other than by professionals or paraprofessionals), data processing and other staff services (exclusive of paraprofessional services), including overtime for the foregoing, are NOT reimbursable. Charges for proofreading for typographical or similar errors are NOT reimbursable whether the services are performed by a paralegal, secretary or temporary staff.

  xii. *Communications with Investors.* Where appropriate, the estate should promptly create a website and update the website as appropriate to provide information as to the activities and condition of the estate to

Case 3:17-cv-00774-TJC-MCR   Document 8-1   Filed 07/12/17   Page 8 of 10 PageID 525

CFTC Receivership Billing Instructions
Page 8 of 10

investors. In addition, any necessary basic communications with investors should be handled by clerical or paralegal staff (or comparatively paid staff) to the extent possible. Expenses stemming from a failure to comply with this policy will NOT be submitted.

                                Candidate for Appointment as Receiver
                                   in Civil Action Commenced by the U.S.
                                Commodity Futures Trading Commission

Date:                        _____
                                [Printed Name]
                                [Address 1]
                                [Address 2]
                                [Address 3]
                                [E-Mail Address]
                                [Phone Number]
                                [Fax Number]

## Standardized Accounting Report Form

| | | Detail | Subtotal | Grand Total | Notes |
|---|---|---|---|---|---|
|  | STANDARDIZED ACCOUNTING REPORT FOR [insert name of estate] Receivership<br>Civil Court Docket No. [insert]<br>Reporting period MM/DD/YYYY to MM/DD/YYYY or Final Report Dated MM/DD/YYYY | | | | |
| Line 1 | **Beginning Balance (A/O MM/DD/YYYY** | | | | |
| | **Increases in Fund Balance** | | | | |
| Line 2 | Business Income | | | | |
| Line 3 | Cash and Securities | | | | |
| Line 4 | Interest/Dividend Income | | | | |
| Line 5 | Asset Liquidation | | | | |
| Line 6 | Third Party Litigation Income | | | | |
| Line 7 | Other Miscellaneous | | | | |
| | **Total Funds Available - Total Lines 1-7** | | | | |
| | **Decreases in Fund Balance** | | | | |
| Line 9 | Disbursements to Investors | | | | |
| Line 10 | Disbursements for Receivership Operations | | | | |
| 10a | Disbursements to Receiver/Other Professionals | | | | |
| 10b | Third Party Litigation Expenses | | | | attorney fees; litigation expenses |
| 10c | Asset expenses | | | | |
| 10d | Tax Payments | | | | |
| | Total Disbursements for Receivership Operations | | | | |
| Line 11 | Disbursements Related to Distribution Expenses | | | | specify fees, expenses, administrative, claims processing, etc. |
| Line 12 | Disbursements to Court/Other | | | | |
| Line 13 | Other | | | | specify |
| | **Total Funds Disbursed - Total Lines 9 - 13** | | | | |
| Line 14 | **Ending Balance (a/o MM/DD/YYYY)** | | | | |
|  | Other Supplemental Information | | | | |

| | | |
|---|---|---|
| Line 15 | Number of Claims | |
| 15a | No. of Claims Received This Reporting Period | |
| 15b | No. of Claims Received Since Inception of Estate | |
| Line 16 | Number of Claimants/Investors | |
| 16a | No. of Claimants/Investors Paid This Reporting Period | |
| 16b | No. of Claimants/Investors Paid Since Inception of Estate | |

Receiver:
By: _____
Signature

_____
Printed Name

_____
Title

Date: _____