# Exhibit 1

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

Commodity Futures Trading Commission,

     Plaintiff,

vs.

                                            Case No. 3:17-cv-774-J-32MCR

Jason B. Scharf (d/b/a Citrades.com and
AutoTradingBinary.com); CIT Investments
LLC; Brevspand EOOD; CIT Investments
Ltd.; A&J Media Partners, Inc.; Michael
Shah; and Zilmil, Inc.

     Defendants.

_____/

## DEFENDANT MICHAEL SHAH'S RESPONSES AND OBJECTIONS TO
## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant Michael Shah

responds to Plaintiff CFTC's First Set of Requests for Admissions as follows.

## REQUESTS

1.     Admit that the documents produced by ClickBetter, Bates labelled ClickBetter-03-0000001 through ClickBetter-03-0000077, are business records within the meaning of Federal Rule of Evidence ("FRE") 803(6).

**RESPONSE:**  Defendant objects to this Request to the extent it improperly seeks a legal

conclusion in asking Defendant to authenticate documents produced by a third party.  Subject to

and without waiving this objection, Defendant states that the information known to him or in his

possession is insufficient to enable him to admit or deny the request and that in no event would he

be the person who could authenticate a third-party's business records.

2.     Admit that the documents produced by ClickBetter, Bates labelled ClickBetter-03-0000001 through ClickBetter-03-0000077, are business records within the meaning of FRE 902(11).

**RESPONSE:** Defendant objects to this Request to the extent it improperly seeks a legal conclusion in asking Defendant to authenticate documents produced by a third party.  Subject to and without waiving this objection, Defendant states that the information known to him or in his possession is insufficient to enable him to admit or deny the request and that in no event would he be the person who could authenticate a third-party's business records.

3.      Admit that the documents produced by ClickBetter, Bates labelled ClickBetter-03-0000001 through ClickBetter-03-0000077, are genuine.

**RESPONSE:**   Defendant objects to this Request to the extent the term "genuine" is undefined, vague, and susceptible to multiple interpretations.  Subject to and without waiving this objection, Defendant states that the information known to him or in his possession is insufficient to enable him to admit or deny the request and that in no event would he be the person who could authenticate a third-party's business records.

4.      Admit that ClickBetter is an affiliate network.

**RESPONSE:** Defendant objects to this Request to the extent the term "affiliate network" is undefined, vague, and susceptible to multiple interpretations.  Subject to and without waiving this objection, Defendant states that the information known to him or in his possession is insufficient to enable him to admit or deny the request.

5.      Admit that ClickBetter allows vendors to list and sell digital products online.

**RESPONSE:**   Defendant objects to this Request to the extent the terms "vendors" and "digital products" are undefined, vague, and susceptible to multiple interpretations.  Subject to and without waiving this objection, Defendant states that the information known to him or in his possession is insufficient to enable him to admit or deny the request.

6.      Admit that ClickBetter allows independent marketers, known as affiliates, to sign

up and promote those products in exchange for commissions.

**RESPONSE:** Defendant objects to this Request to the extent the terms "independent marketers," "affiliates," "products," and "commissions" are undefined, vague, and susceptible to multiple interpretations. Subject to and without waiving this objection, Defendant states that the information known to him or in his possession is insufficient to enable him to admit or deny the request.

7.      Admit that ClickBetter acts as a processor for payments made by purchasers of the digital products.

**RESPONSE:** Defendant objects to this Request to the extent the terms "processor of payments" and "purchasers of digital products" are undefined, vague, and susceptible to multiple interpretations. Subject to and without waiving this objection, Defendant states that the information known to him or in his possession is insufficient to enable him to admit or deny the request.

8.      Admit that purchasers of products listed on ClickBetter use their credit cards to buy these products online.

**RESPONSE:** Defendant objects to this Request to the extent the term "purchasers of products" is undefined, vague, and susceptible to multiple interpretations. Subject to and without waiving this objection, Defendant states that the information known to him or in his possession is insufficient to enable him to admit or deny the request.

9.      Admit that ClickBetter acts as a processor for  payments to vendors for the sales of the products.

**RESPONSE:** Defendant objects to this Request to the extent the terms "processor," "payments," "vendors," and "products" are undefined, vague, and susceptible to multiple interpretations. Subject to and without waiving this objection, Defendant states that the information

known to him or in his possession is insufficient to enable him to admit or deny the request.

10.      Admit that ClickBetter acts as a processor for payments of commission to  affiliates on behalf of vendors.

**RESPONSE:** Defendant objects to this Request to the extent the terms "processor," "payments," "commission," "affiliates," and "vendors" are undefined, vague, and susceptible to multiple interpretations. Subject to and without waiving this objection, Defendant states that the information known to him or in his possession is insufficient to enable him to admit or deny the request.

11.      Admit that you had an account [sic] ClickBetter.

**RESPONSE:**  Defendant invokes his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

12.      Admit that you used the following usernames on ClickBetter:

    a.      bonusforex
    b.      binarypower
    c.      3kpertrade
    d.      challenge
    e.      quantum
    f.      get1kpounds
    g.      affname
    h.      binaryturbo
    i.      cashquick
    j.      fastcash
    k.      autobettors

**RESPONSE:**  Defendant objects to this Request to the extent the term "used" is undefined, vague, and susceptible to multiple interpretations.  In the event this objection is overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

13.      Admit that you used the Skype handle "Mike S."

4

**RESPONSE:** Defendant objects to this Request to the extent the term "used" is undefined, vague, and susceptible to multiple interpretations.   In the event this objection is overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

14.     Admit that you used the Skype handle "Mike S" to communicate with ClickBetter.

**RESPONSE:** Defendant objects to this Request to the extent the term "used" is undefined, vague, and susceptible to multiple interpretations.   In the event this objection is overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

15.     Admit that the document Bates-labeled ClickBetter-01-0000006 is a Skype conversation between you and staff at ClickBetter.

**RESPONSE:** Defendant objects to this Request because the referenced documents have not been authenticated.  In the event this objection is overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

16.     Admit that you sent a copy of Michael Shah's driver's license to ClickBetter in order to open an account.

**RESPONSE:** Defendant invokes his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

17.     Admit that you sent a copy of Zilmil's bank statement at BBVA Compass Bank to ClickBetter in order to open an account.

**RESPONSE:** Defendant invokes his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

18.     Admit that you sent Zilmil's Florida Secretary of State information to ClickBetter

in order to open an account.

**RESPONSE:** Defendant objects to the extent the term "Zilmil's Florida Secretary of State information" is undefined, vague, and susceptible to multiple interpretations. In the event these objections are overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

19.     Admit that you used the email address zilmilinc@gmail.com.

**RESPONSE:** Defendant objects to this Request to the extent the term "used" is undefined, vague, and susceptible to multiple interpretations. In the event this objection is overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

20.     Admit that you attended ClickBetter's 2015 New Year's Eve party in New York.

**RESPONSE:** Defendant invokes his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

21.     Admit that they [sic] payments listed in the document Bates-labeled ClickBetter-03- 0000001 are correct.

**RESPONSE:** Defendant objects to this request because (a) the referenced documents have not been authenticated, and (b) the term "correct" is undefined and the entire request is vague and susceptible to multiple interpretations. Defendant further objects to this Request because it improperly seeks an admission as to central facts in dispute.

22.     Admit that they [sic] payments listed in the document Bates-labeled ClickBetter-03- 0000001 were made to Zilmil's account at Vystar.

**RESPONSE:** Defendant objects to this request because the referenced documents have not been authenticated. Defendant further objects to this Request because it improperly seeks an

admission as to central facts in dispute.  In the event these objections are overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

23.     Admit that ClickBetter paid a total of $300,698.61 to Zilmil's account at Vystar.

**RESPONSE:** Defendant invokes his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

24.     Admit that some of these payments Zilmil received from ClickBetter were commissions for affiliate marketing relating to binary options.

**RESPONSE:** Defendant objects to this Request to the extent the terms "some of these payments," "commissions," "affiliate marketing," and "relating to binary options" are undefined, vague, and susceptible to multiple interpretations. Defendant further objects to this Request because it improperly seeks an admission as to central facts in dispute.  In the event these objections are overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

25.     Admit that some of these payments Zilmil received from ClickBetter were commissions for affiliate marketing relating to binary options trading systems.

**RESPONSE:** Defendant objects to this Request to the extent the terms "some of these payments," "commissions," "affiliate marketing," and "relating to binary options trading systems" are undefined, vague, and susceptible to multiple interpretations. Defendant further objects to this Request because it improperly seeks an admission as to central facts in dispute.  In the event these objections are overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

26.     Admit that some of these payments Zilmil received from ClickBetter were for

sales of products relating to binary options.

**RESPONSE:** Defendant objects to this Request to the extent the terms "some of these payments," "products relating to binary options" are undefined, vague, and susceptible to multiple interpretations. Defendant further objects to this Request because it improperly seeks an admission as to central facts in dispute.  In the event these objections are overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

27.     Admit that some of these payments Zilmil received from ClickBetter were for sales of products relating to binary options trading systems.

**RESPONSE:** Defendant objects to this Request to the extent the terms "some of these payments" and "products relating to binary options trading systems" are undefined, vague, and susceptible to multiple interpretations. Defendant further objects to this Request because it improperly seeks an admission as to central facts in dispute.  In the event these objections are overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

28.     Admit that you acted as a vendor on ClickBetter.

**RESPONSE:** Defendant objects to this Request to the extent the term "vendor" is undefined, vague, and susceptible to multiple interpretations. Defendant further objects to this Request because it improperly seeks an admission as to central facts in dispute.  In the event these objections are overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

29.     Admit that the following usernames were for your vendor accounts on ClickBetter:

a.     3kpertrade
b.     Autobettors
c.     Binarypower

d.    Binaryturbo
e.    Cashquick
f.    Challenge
g.    Fastcash
h.    Get1Kpounds
i.    Quantum

**RESPONSE:** Defendant objects to this Request to the extent the term "vendor accounts" is undefined, vague, and susceptible to multiple interpretations. Defendant further objects to this Request because it improperly seeks an admission as to central facts in dispute.  In the event these objections are overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

30.    Admit that you acted as a vendor on ClickBetter with respect to the following products:

a.    The ATM Machine
b.    3kpertrade
c.    Binary power system
d.    Binary Turbo
e.    Stripped Down Binary
f.    System X
g.    the-1k-challenge
h.    Binary Fast Cash
i.    The System
j.    get1kpounds
k.    Quantum Binary

**RESPONSE:** Defendant objects to this Request to the extent the terms "acted as a vendor," "with respect to the following products," and "products" are undefined, vague, and susceptible to multiple interpretations. Defendant further objects to this Request because it improperly seeks an admission as to central facts in dispute.  In the event these objections are overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

31.    Admit that "3kpertrade.net" was the URL for one of the products you were listed

as a vendor for on ClickBetter.

**RESPONSE:** Defendant objects to this Request to the extent the terms "products you were listed as a vendor for" and "vendor" are undefined, vague, and susceptible to multiple interpretations. Defendant further objects to this Request because it improperly seeks an admission as to central facts in dispute.  In the event these objections are overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

32.     Admit that "binarypowersystem.com" was the URL for one of the products you were listed as a vendor for on ClickBetter.

**RESPONSE:** Defendant objects to this Request to the extent the terms "products you were listed a vendor for" and "vendor" are undefined, vague, and susceptible to multiple interpretations. Defendant further objects to this Request because it improperly seeks an admission as to central facts in dispute.  In the event these objections are overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

33.     Admit that "www.binaryturbo.com" was the URL for one of the products you were listed as a vendor for on ClickBetter.

**RESPONSE:** Defendant objects to this Request to the extent the terms "products you were listed as a vendor for" and "vendor" are undefined, vague, and susceptible to multiple interpretations. Defendant further objects to this Request because it improperly seeks an admission as to central facts in dispute.  In the event these objections are overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

34.     Admit that "www.strippeddownbinary.com" was the URL for one of the products

you were listed as a vendor for on ClickBetter.

**RESPONSE:** Defendant objects to this Request to the extent the terms "products you were listed as a vendor for" and "vendor" are undefined, vague, and susceptible to multiple interpretations. Defendant further objects to this Request because it improperly seeks an admission as to central facts in dispute.  In the event these objections are overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution

35.    Admit that "the-1k-challenge.net" was the URL for one of the products you were listed as a vendor for on ClickBetter.

**RESPONSE:** Defendant objects to this Request to the extent the terms "products you were listed as a vendor for" and "vendor" are undefined, vague, and susceptible to multiple interpretations. Defendant further objects to this Request because it improperly seeks an admission as to central facts in dispute.  In the event these objections are overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution

36.    Admit that "www.binaryfastcash.com" was the URL for one of the products you were listed as a vendor for on ClickBetter.

**RESPONSE:** Defendant objects to this Request to the extent the terms "products you were listed as a vendor for" and "vendor" are undefined, vague, and susceptible to multiple interpretations. Defendant further objects to this Request because it improperly seeks an admission as to central facts in dispute.  In the event these objections are overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

37.     Admit that "get1kpounds.com" was the URL for one of the products you were listed as a vendor for on ClickBetter.

**RESPONSE:** Defendant objects to this Request to the extent the terms "products you were listed as a vendor for" and "vendor" are undefined, vague, and susceptible to multiple interpretations. Defendant further objects to this Request because it improperly seeks an admission as to central facts in dispute.  In the event these objections are overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

38.     Admit that "www.quantum-binary.com" was the URL for one of the products you were listed as a vendor for on ClickBetter.

**RESPONSE:** Defendant objects to this Request to the extent the terms "products you were listed as a vendor for" and "vendor" are undefined, vague, and susceptible to multiple interpretations. Defendant further objects to this Request because it improperly seeks an admission as to central facts in dispute.  In the event these objections are overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

39.     Admit that "www.binarymultiplier.com" was the URL for one of the products you were listed as a vendor for on ClickBetter.

**RESPONSE:** Defendant objects to this Request to the extent the terms "products you were listed as a vendor for" and "vendor" are undefined, vague, and susceptible to multiple interpretations. Defendant further objects to this Request because it improperly seeks an admission as to central facts in dispute.  In the event these objections are overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S.

Constitution.

40.     Admit that "www.christmasprofits.co" was the URL for one of the products you were listed as a vendor for on ClickBetter.

**RESPONSE:** Defendant objects to this Request to the extent the terms "products you were listed as a vendor for" and "vendor" are undefined, vague, and susceptible to multiple interpretations. Defendant further objects to this Request because it improperly seeks an admission as to central facts in dispute.  In the event these objections are overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

41.     Admit that purchasers of the products for which you were a vendor on ClickBetter were instructed to deposit money with one or more binary options firms.

**RESPONSE:** Defendant objects to this Request to the extent the terms "purchasers," "products for which you were a vendor," "instructed," and "binary options firms" are undefined, vague, and susceptible to multiple interpretations. Defendant further objects to this Request because it improperly seeks an admission as to central facts in dispute.  In the event these objections are overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

42.     If you answered "admit" to RFA 41, admit that the binary options firms were not registered with the CFTC.

**RESPONSE:**  Defendant did not "admit" RFA 41, therefore no response is necessary.

43.     Admit that you receive a commission when a purchaser of one of the products for which you were listed as a vendor for on ClickBetter made an initial deposit with a binary  options firm.

**RESPONSE:**   Defendant objects to this Request to the extent the terms "commission," "purchaser," "one of the products," "listed as a vendor," and "binary options firm" are undefined, vague, and susceptible to multiple interpretations. Defendant further objects to this Request because it improperly seeks an admission as to central facts in dispute.  In the event these objections are overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

44.   If you answered "admit" to RFA 43, admit that the binary options firms were not registered with the CFTC.

**RESPONSE:** Defendant did not "admit" RFA 43, therefore no response is necessary.

45.   Admit that the following usernames were for your affiliate accounts on ClickBetter:

    a.   Affname
    b.   Bonusforex

**RESPONSE:** Defendant objects to this Request to the extent the term "affiliate accounts" is undefined and susceptible to multiple interpretations. Defendant further objects to this Request because it improperly seeks an admission as to central facts in dispute.  In the event these objections are overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

46.   Admit that you acted as an affiliate with respect to the following products listed on ClickBetter:

    a.   The ATM Machine
    b.   Automatic Winners
    c.   Binary System X
    d.   Bank on Binary
    e.   Bazooka Trader
    f.   Binary Fast Cash - $1k Per Day Binary System
    g.   Binary Money Code - The First Aperture Code Trading Robot!

h.     Binary Options Hybrid
i.     Binary Options Multiplier
j.     Binary Options Sniper
k.     Binary Power System
l.     Binary Pro Bot
m.     Binary Profit Cloner
n.     Binary Revolution
o.     Binary System X
p.     Binary Turbo
q.     Manual Debit
r.     Quantum Binary
s.     Quick Binary Profits
t.     Stripped Down Binary
u.     System X
v.     Trading Droid
w.     Xtreme Binary Robot

**RESPONSE:** Defendant objects to this Request to the extent the terms "acted as an affiliate" and "products" are undefined, vague, and susceptible to multiple interpretations. Defendant further objects to this Request because it improperly seeks an admission as to central facts in dispute.  In the event these objections are overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

47.     Admit that purchasers of the products you promoted as an affiliate on ClickBetter were instructed to deposit money with one or more binary options firms.

**RESPONSE:** Defendant objects to this Request to the extent the terms "purchasers," "products," "affiliate," "instructed," and "binary options firms" are undefined, vague, and susceptible to multiple interpretations. Defendant further objects to this Request because it improperly seeks an admission as to central facts in dispute.  In the event these objections are overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

48.     If you answered "admit" to RFA 47, admit that the binary options firms were not registered with the CFTC.

**RESPONSE:** Defendant did not "admit" RFA 47, therefore no response is necessary.

49.     Admit that you receive a commission when a purchaser of one of the products you promoted as an affiliate on ClickBetter made an initial deposit with a binary options firm.

**RESPONSE:** Defendant objects to this Request to the extent the terms "commission," "purchaser," "products," "affiliate," and "binary options firms" are undefined, vague, and susceptible to multiple interpretations. Defendant further objects to this Request because it improperly seeks an admission as to central facts in dispute.  In the event these objections are overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

50.     If you answered "admit" to RFA 49, admit that the binary options firms were not registered with the CFTC.

**RESPONSE:** Defendant did not "admit" RFA 49, therefore no response is necessary.

51.     Admit that the amounts of payments listed in ClickBetter-03-0000001 are correct, i.e., that Zilmil received these payments.

**RESPONSE:** Defendant objects to this Request: (a) because the referenced documents have not been authenticated; and (b) because it improperly seeks an admission as to central facts in dispute.  In the event this objection is overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

52.     Admit that the "vendor" entries in the "support request" .txt files produced by ClickBetter show messages by agents of Zilmil.

**RESPONSE:** Defendant objects to this Request: (a) because it fails to identify the referenced document with necessary specificity; (b) because the referenced documents, to the extent they can be identified, have not been authenticated; and (c) to the extent the terms "vendor"

and "support request" are undefined, vague, and susceptible to multiple interpretations. Defendant further objects because the Request improperly seeks an admission as to central facts in dispute. In the event these objections are overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

53.     Admit that sales figures for the products listed in the following documents are correct:

a.     ClickBetter-03-0000005
b.     ClickBetter-03-0000011
c.     ClickBetter-03-0000018
d.     ClickBetter-03-0000025
e.     ClickBetter-03-0000032
f.     ClickBetter-03-0000038
g.     ClickBetter-03-0000046
h.     ClickBetter-03-0000053
i.     ClickBetter-03-0000060
j.     ClickBetter-03-0000067
k.     ClickBetter-03-0000074

**RESPONSE:** Defendant objects to this Request: (a) because the referenced documents have not been authenticated; and (b) to the extent the terms "sales figures," "products," and "correct" are undefined, vague, and susceptible to multiple interpretations. Defendant further objects because the Request improperly seeks an admission as to central facts in dispute. In the event these objections are overruled, Defendant intends to invoke his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

54.     Admit that you received emails from ClickBetter.

**RESPONSE:** Defendant invokes his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

55.     Admit that you deleted all the emails you received from ClickBetter.

**RESPONSE:** Defendant invokes his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

56.     Admit that you deleted emails you received from ClickBetter after you received a subpoena from the CFTC.

**RESPONSE:** Defendant invokes his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

57.     Admit that you sent emails to ClickBetter.

**RESPONSE:** Defendant invokes his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

58.     Admit that you deleted all the emails you sent from ClickBetter.

**RESPONSE:** Defendant invokes his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

59.     Admit that you deleted emails you sent to ClickBetter after you received a subpoena from the CFTC.

**RESPONSE:** Defendant invokes his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution.

/s/ Peter B. King
Peter B. King (FBN 0057800)
Jordan D. Maglich (FBN: 0086106)
WIAND GUERRA KING P.A.
5505 W. Gray Street
Tampa, FL 33609
Phone: (813) 347-5100
Fax: (813) 347-5198
Email: pking@wiandlaw.com
Email: jmaglich@wiandlaw.com
Attorneys for Defendants Michael Shah and
Zilmil, Inc.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 25, 2018, a true and correct copy of the foregoing has

been furnished via E-Mail to the following:

Ashley J. Burden
ABurden@CFTC.gov
Stephanie Reinhart
sreinhart@cftc.gov
Joseph A. Konizeski
jkonizeski@cftc.gov
Rosemary Hollinger
rhollinger@cftc.gov
Scott R. Williamson
swilliamson@cftc.gov
U.S. Commodity Futures Trading
Commission
525 W. Monroe St., Suite 1100
Chicago, IL 60661

Kenneth Dante Murena
kmurena@dvllp.com
Russell Landy, Esq.
rlandy@dvllp.com

Damian & Valori LLP
1000 Brickell Avenue, Suite 1020
Miami, FL 33131

Stanley H. Stone
stonelawfirm@earthlink.net
Stone & Stone
PO Box 261727
Encino, CA 91426-1727

Richard Landes
rjlandes@gmail.com
The Law Office of Landes & Julien
736 2nd Street North
Jacksonville Beach, FL 32250

/s Peter B. King_____
Peter B. King (FBN: 0057800)