# Exhibit 9



**U.S. COMMODITY FUTURES TRADING COMMISSION**
525 W. Monroe St., Suite 1100
Chicago, IL 60661
Tel. (312) 596-0700
Fax. (312) 596-0716
www.cftc.gov

Division
Of
Enforcement

January 4, 2016

# SUBPOENA
### Ad Testificandum

TO:  **Michael Shah**
**c/o John Cotton**
**Gartenberg Gelfand Hayton LLP**
**15260 Ventura Blvd., Suite 1920**
**Sherman Oaks, California 91403**
**jcotton@cgllp.com**

**YOU ARE HEREBY COMMANDED** to appear before certain designated officers of the Commodity Futures Trading Commission ("Commission"), at 525 W. Monroe St., Suite 1100 Chicago, IL 60661, at 9:00 a.m. CT on January 14, 2016, to testify in the matter of:

**In the Matter of Vault Options**

**FAILURE TO COMPLY WITH THIS SUBPOENA MAY RESULT IN THE COMMENCEMENT OF A LEGAL ACTION IN THE UNITED STATES DISTRICT COURT TO COMPEL COMPLIANCE WITH THE REQUIREMENTS HEREOF.**

Issued January 4, 2016 at Chicago by:

Camille Arnold
Senior Trial Attorney
Division of Enforcement
U.S. Commodity Futures Trading Commission
525 W. Monroe St., Suite 1100
Chicago, IL 60661
Tel. (312) 596-0524
aburden@cftc.gov

NOTICES TO WITNESS:

**Fees and mileage**:  The Commission is neither required nor authorized to pay fees and mileage to the witness upon service of this subpoena.  7 U.S.C. §§ 9, 15; 28 U.S.C. § 1825(c); 31 U.S.C. § 3324(b); 17 C.F.R. § 11.4.  However, after giving testimony pursuant to this subpoena, the witness may request of the Commission, and the Commission will pay, the same fees and mileage that are paid to witnesses in the courts of the United States.  17 C.F.R. § 11.4; *see also*, 28 U.S.C. § 1821.

**False, Misleading or Fraudulent Statements**: Making a false, misleading or fraudulent statement in testimony or documents produced in response to this subpoena may be a civil and/or criminal violation that can result in punishment by fine or imprisonment or both.  Specifically, a false, misleading or fraudulent statement of material fact, or omission of material facts that are necessary to make a statement not misleading, may constitute a violation of Section 6(c)(2) of the Commodity Exchange Act (7 U.S.C. §§ 9, 15), Section 9(a)(3) of the Commodity Exchange Act (7 U.S.C. § 13(a)(3)), and/or Section 1001 of Title 18, Crimes and Criminal Procedure (18 U.S.C. § 1001).



**U.S. COMMODITY FUTURES TRADING COMMISSION**

525 West Monroe Street
Suite 1100
Chicago, Illinois 60661
Telephone: (312) 596-0700
Facsime: (312) 596-0714

Division of Enforcement

*SUBPOENA*
*Duces Tecum*

**TO:   Zilmil, Inc.**
**3832-10 Baymeadows Rd.**
**Jacksonville, FL 32217**
**c/o**
**John W. Cotton**
**GARTENBERG GELFAND HAYTON LLP**
**15260 Ventura Blvd., Suite 1920**
**Sherman Oaks, CA  91403**
**jcotton@gghslaw.com**
*Counsel for Zilmil, Inc.*

**YOU ARE COMMANDED** to produce to the Commodity Futures Trading Commission ("Commission") all books, papers, documents, and other tangible things specified in the attached **Schedule A at or before 5:00 PM CST on the February 19, 2016**. Those materials are to be provided to representatives of the Commission's Division of Enforcement, 525 West Monroe Street, Suite 1100, Chicago, Illinois, 60661, in the matter of:

**Zilmil, Inc.**

In producing documents, **you need not appear in person on the above return date if you comply electronically or by mail** according to the enclosed instructions.

**FAILURE TO COMPLY WITH THIS SUBPOENA MAY RESULT IN THE COMMENCEMENT OF A LEGAL ACTION IN THE UNITED STATES DISTRICT COURT TO COMPEL COMPLIANCE WITH THE REQUIREMENTS HEREOF.**

Pursuant to 7 U.S.C. § 12 and 17 C.F.R. § 11.1 *et seq.*, the Division of Enforcement has the authority to conduct non-public, confidential investigations. Accordingly, **please keep this subpoena confidential and do not disclose this subpoena to any customers.**

Upon receipt of this subpoena, please contact Ashley Burden at (312) 596-0693 or Heather Dasso at (312) 596-0689 to schedule a time to discuss electronic production with our respective technical personnel to facilitate compliance with the Division of Enforcement's Data Delivery Standards.

Issued February 4, 2016, at Chicago, Illinois by:

        /s/ Heather Dasso
        Heather Dasso
        Investigator
        Division of Enforcement
        Commodity Futures Trading Commission
        (312) 596-0689

Enclosures:   Schedule A
                  Schedule B
                  Data Delivery Standards
                  Statement to Persons Providing Information

**RETURN ON SERVICE**

In the case of a natural person:

[ ] handing it to the person named herein.

[ ] leaving it at the person's office with the person in charge, namely:

[ ] leaving it at the person's office in a conspicuous place, to wit:

[ ] leaving it at the person's usual place of abode, namely:

[ ] mailing by certified or registered mail to the following address:

In the case of service upon other than a natural person:

[ ] handing it to a registered agent for service or other officer, director or agent in charge of such office, namely (name & title):

[ x ] mailing by certified or registered mail to such agent or representative, namely (name, title, and address):

John W. Cotton
GARTENBERG GELFAND HAYTON LLP
15260 Ventura Blvd., Suite 1920
Sherman Oaks, CA  91403
jcotton@gghslaw.com
*Counsel for Zilmil, Inc.*

[ ] another method by which actual notice is given

*I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I served this subpoena in accordance with the method noted above.*

Date: February 4, 2016               /s/ Heather Dasso
                                     Heather Dasso
                                     Investigator
                                     Division of Enforcement
                                     Commodity Futures Trading Commission
                                     (312) 596-0689

3

*SCHEDULE A*

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions are expressly incorporated into each specific demand for production as if fully stated therein:

A. "Account" shall be defined as any and all types of accounts for which your services are utilized or you act as a fiduciary, including, but not limited to, checking, savings, loans, safekeeping, Master Card, Visa, American Express, Discover, other similar credit cards, certificates of deposit, and U.S. Treasury bills or notes.

B. "Commission" refers to the United States Commodity Futures Trading Commission.

C. "Division of Enforcement" refers to the Commission's Division of Enforcement.

D. "Documents" is synonymous in meaning and equal in scope to the usage of that term in Federal Rule of Civil Procedure 34(a). Accordingly, "document," for purposes of this subpoena, means any memorialization, whether typed, written, recorded, printed or otherwise reproduced by any process or by hand, and includes, but is not limited to: agreements, contracts, correspondence, facsimile or E-mail transmissions, telephone logs and records, memoranda, diaries, graphs, formulas, models, mathematical and statistical data, reports, notebooks, manuals, charts, plans, journals, ledgers, financial statements, information stored on or generated by computer disks, hard drives, tapes or other electronic data storage systems, emails, text messages, SMS messages, instant messages, bank records, brochures, electronically recorded information such as audiotape or videotape recordings, microfilm or microfiche, summaries, analyses, commentaries, minutes or other records of interviews, meetings, conferences, conversations or discussions as well as all drafts of the foregoing and any copies bearing marks or notations not found on the original.

E. The "Enumerated Persons" are those persons set forth in Schedule B to this Subpoena.

F. "Including" or "includes" are used in the broadest sense of the term, and specification of a particular matter included in a request is not meant to exclude any other documents that might be responsive to a specific request.

G. "Relate to" means analyze, appraise, assess, characterize, comment on, concern, consider, constitute, contain, deliberate, delineate, describe, discuss, evaluate, evidence, explicate, pertain to, recommend, record, refer to, reflect, report on, set forth, show, or study.

H. "Zilmil" means Zilmil, Inc. and any and all of its affiliates, subsidiaries, directors, divisions, groups, offices, branches, departments, employees, consultants, agents, representatives, accountants, predecessors, or successors, wherever they may be situated, and all other persons who have an interest in Zilmil, its subsidiaries, affiliates, divisions, joint ventures, or any other legal entity in which Zilmil has an interest, including, but not limited to, any and all of its affiliates, subsidiaries, directors, divisions, groups, offices, branches, departments, employees, consultants, agents, representatives, accountants, predecessors, or successors, wherever they may be situated.

I. "You" or "your" means Zilmil and any and all of its affiliates, subsidiaries, directors, divisions, groups, offices, branches, departments, employees, consultants, agents, representatives, accountants, predecessors, or successors, wherever they may be situated, and all other persons who have an interest in Zilmil, its subsidiaries, affiliates, divisions, joint ventures, or any other legal entity in which Zilmil has an interest, including, but not limited to, any and all of its affiliates, subsidiaries, directors, divisions, groups, offices, branches, departments, employees, consultants, agents, representatives, accountants, predecessors, or successors, wherever they may be situated.

J. "Person" means any natural person and includes individuals, partnerships, corporations, trusts, any business, legal, or governmental entities, associations, or political subdivisions.

K. Use of either the singular or plural should not be deemed a limitation and the use of the singular should be construed, where applicable, the plural, and vice versa.

L. The conjunctive form "and" and the disjunctive form "or" are mutually interchangeable and are meant to encompass each other.

M. This subpoena applies to all documents which were generated, created, prepared, sent, dated, in effect, in existence, or used during the Subpoena Period (unless otherwise specified), as well as all responsive documents which record or relate to matters occurring within the Subpoena Period, which are in the possession, custody, or control of Zilmil, without regard to the physical location of such documents, including, but not limited to, documents held by any agent of Zilmil, including, but not limited to, an attorney, accountant, financial advisor, or employee of Zilmil.

N. With respect to any and all documents requested herein that are claimed to have been destroyed or otherwise are no longer within your possession, custody, or control of Zilmil, furnish a list with the following information:

  i. the nature, source, and date of the document;

  ii. a description of the document's subject matter;

        iii.    the name and address of each recipient of the original or a copy of the document, together with the date or approximate date when each recipient received the document;

        iv.    all names and addresses of all other persons to whom the contents of the document have been disclosed, the date such disclosure took place, and the means of such disclosure;

        v.    the date the document was destroyed;

        vi.    the person who ordered or authorized such destruction;

        vii.    the reason for the document's destruction, and the policy and authority for the same; and

        viii.    the custodian of the document on the date of destruction.

O.    With respect to any and all documents requested herein that are being withheld on the ground of privilege, furnish a list specifying the following information:

        i.    the nature, source, and date of the document;

        ii.    a description of the document's subject matter;

        iii.    the name and address of each recipient of the original or a copy of the document, together with the date or approximate date when each recipient received the document;

        iv.    the names and addresses of all other persons to whom the contents of the document have been disclosed, the date such disclosure took place, and the means of such disclosure; and

        v.    the nature of the privilege or rule of law relied upon, including the identity of the person or persons asserting the privilege or rule as well as the legal basis for asserting that privilege or rule, or other reason for non-production.

P.    The obligations created by this subpoena are continuing, and you shall supplement your production if you locate additional responsive documents in your possession, custody, or control.

Q.    Consecutively number, i.e. bates stamp, by page all documents in your submission and indicate in your cover letter the total number of documents in your submission.

R.    In your cover letter, please indicate by bates number the numbered item or category in response to which each document is being produced.

S.  Legible, true, correct, and complete photocopies may be submitted in lieu of original documents, provided that the originals are retained in their current state and are available for inspection if requested by Commission staff and provided further that submission of a copy shall constitute a waiver of any claim as to the authenticity of the copy should it be necessary to introduce such copy into evidence in any Commission proceeding or court of law.

T.  A complete copy of each document should be submitted even though only a portion of the document is responsive. The document shall not be edited, redacted, cut, or expunged and shall include all covering letters and memoranda, transmittal slips, appendices, tables, or other attachments and all other documents referred to in the document or attachments.

U.  **If you have any questions regarding terms used in this subpoena, the scope of this subpoena, or the production of a particular document or group of documents, you may contact, or have your attorney contact, Heather Dasso at (312) 596-0689 or Ashley Burden at (312) 596-0693.**

V.  No agreement purporting to modify, limit, or otherwise vary this subpoena shall be valid and binding on the Division of Enforcement or Commission unless confirmed or acknowledged in writing (or made of record in court) by a duly authorized representative thereof.

W.  The time period for documents responsive to this Subpoena shall be January 1, 2010 through the present.

**DOCUMENTS TO BE PRODUCED BY ZILMIL
PURSUANT TO SUBPOENA**

1. All documents relating to the Enumerated Persons, including:
    a. contracts and agreements;
    b. communications;
    c. bills or invoices;
    d. payments;
    e. wire transfers or other bank or financial records;
    f. marketing or promotional materials;
    g. customer leads or documents relating to web traffic direction services;
    h. work product generated by, under the direction or control, or on behalf of Zilmil, including articles, advertising campaigns, and blog posts, links, banner ads, videos, or other web content.

2. All documents relating to services performed by Zilmil for, or in connection with, any person offering or purporting to offer for purchase or sale binary options, foreign exchange ("FOREX"), precious metals, or any other option, commodity, or commodity future, including:
    a. contracts and agreements;
    b. communications;
    c. bills or invoices;
    d. payments;
    e. wire transfers or other bank or financial records;
    f. marketing or promotional materials;
    g. customer leads or documents relating to web traffic direction services;
    h. work product generated by, under the direction or control, or on behalf of Zilmil, including articles, advertising campaigns, and blog posts, links, banner ads, videos, or other web content.

3. Documents sufficient to show all officers, employees, directors, owners, or agents of Zilmil.

4. All documents relating to Zilmil's corporate structure.

5. All documents relating to the ownership of Zilmil by Michael Shah or other persons.

6. Documents sufficient to identify all financial accounts held in the name of, or for the benefit of, Zilmil.

7. Documents sufficient to identify all financial accounts held in the name of, or for the benefit of, Michael Shah.

*SCHEDULE B*

**ENUMERATED PERSONS**

1. Adam Burgoyne
2. Alekseev Kirill
3. Ashley Baker
4. Axel Hunter
5. Barclays Bank PLC
6. Binary Investments Global Limited
7. Bloombex LTD
8. BTS Holdings Group LTD
9. Clicksure Payments LTD
10. Critical Impact
11. Darlington Holdings LTD
12. Delano Alliance Corp
13. Digi-Results Marketing LTD
14. Dolce Formula LTD
15. Edbruke Investments LTD
16. Eric Shah
17. Forex Support Team
18. Forex VPS LLC
19. Future Binary Investments LTD
20. Gallant Capital Markets
21. Gallant Capital Markets LTD
22. Greymountain Management Limited
23. Grzegorz Stefaniak
24. Internet Escrow Services (SM)
25. Joshua Panter
26. Kingstone Enterprises LTD
27. Kitco Metals
28. Lexington Investment Capital Inc
29. LFG Investment LTD
30. Lift International Enterprises LLC
31. Lsports Data LTD

32. Manoj Kumar
33. Manoj Shah
34. Massive Consulting LTD
35. Michael Shah
36. Steven L Jones
37. Natmark Inc.
38. Noir Media Group, Inc.
39. Old Square Holdings Limited
40. Opshan Pasifik EOOD
41. Optimal Hosting Limited
42. Oronor Limited
43. Pepperstone Financial P/L
44. Petrafied, Inc.
45. Relentless Marketing Consultancy LT
46. Responsible E-Publishing Limited
47. Sarah Jane Davies
48. Targeted Marketing Solutions Limited
49. The Affiliate Monster LLC
50. Tradency Inc.
51. TraderXP LTD
52. Viktoras Karapetjanc
53. Wise Group Media LTD
54. YTF Trade Limited
55. Zach Smith
56. Zulutoys Limited