# DECLARATION OF HEATHER N. DASSO
# PURSUANT TO 28 U.S.C. § 1746

I, Heather N. Dasso, hereby make the following declaration based upon my personal knowledge:

1.  I am employed with the Commodity Futures Trading Commission ("CFTC" or "Commission") as a Futures Trading Investigator in the Division of Enforcement ("Division"). I have worked as a Futures Trading Investigator for the Commission since September 2009.

2.  Prior to joining the Commission, I held the position of Senior Manager, Investigations at National Futures Association ("NFA"). I have a Bachelor of Business Administration degree in Accounting from the University of Iowa and am a Certified Fraud Examiner.

3.  My responsibilities as a Futures Trading Investigator include investigations of registered and unregistered commodity futures and options trading firms and individuals located or conducting business in the United States, in order to ensure compliance with and enforcement of the Commodity Exchange Act and Commission Regulations. In connection with these responsibilities, I routinely conduct background research, gather information and records, review and analyze financial and trading records, prepare summaries of analyses and research findings, and review registration information.

4.  From October 2015 to the present, I participated in an investigation initiated by the Division involving Defendants Jason Scharf; CIT Investments LLC, a Nevada corporation ("CIT Investments Nevada"); A & J Media Partners, Inc., a California corporation; CIT Investments Ltd., an Anguilla business entity ("CIT Investments Anguilla"); and Brevspand EOOD, a Bulgarian business entity ("Brevspand").

5.  Pursuant to the Court's order of December 18, 2018, I hereby submit this declaration in support of the CFTC's motion for a default judgment against Brevspand, CIT Investments Anguilla, and CIT Investments Nevada (collectively, "Defaulting Citrades Defendants").

6.  The court-appointed receiver in this action, Kenneth Murena, ("Receiver") retained the forensic accounting firm KapilaMukamal ("Kapila") to analyze Defendants' bank records during the period June 2013 through March 2017 ("Relevant Period"). Acting at the Receiver's direction, Kapila generated summaries, referred to as "reconstructions," of records from all known bank accounts associated with the Defaulting Citrades Defendants.

7.  In preparation for this declaration, I reviewed Kapila's account reconstructions, as well as many of the underlying records. The reconstructions are attached hereto as Exs. A and B. I also reviewed the declaration executed by Defendant Jason Scharf, which he provided to the CFTC in support of its motion for default judgment. I reviewed other evidence as well, including correspondence, websites, and emails collected in the Division's investigation and through the course of the litigation.

### Merchant Processor Payments

8. Citrades customers were encouraged to fund their binary options trading accounts with their credit cards. (Doc. 5-1 at 12, Citrades website).) The principals of the Citrades websites used the following companies, referred to as "merchant processors," to process credit card transactions from Citrades customers:

   a. eMerchantPay Limited;

   b. ECS World Limited;

   c. ECP; Optimal Payments Merchant Services;

   d. Powercash21 Ltd.;

   e. E-ComProcessing;

   f. BetaPay Ltd.;

   g. Seedpay Ltd.

(Exs. A and B, CIT Investments, Brevspand reconstructions (showing payments from above-listed processors); *see also* Scharf Decl. ¶¶ 10, 13.)

9. CIT Investments Anguilla received a total of $1,867,149.43 from merchant processors during the Relevant Period. (Ex. A, CIT Investments reconstruction.)

10. Brevspand received a total of $609,468.15 from merchant processors during the Relevant Period. (Ex. B, Brevspand reconstruction.)

### Wire Aggregators

11. In addition to merchant processors, the principals of Citrades used third-party entities to receive wire transfers from customers. (Scharf Decl. ¶¶ 5, 11, 15.) Those third-party entities would aggregate and forward customer wires to the Defaulting Citrades Defendants.

12. One such third-party entity was called Silver Oak Media AG. Citrades customers were instructed to wire funds to Silver Oak Media to fund their binary options trading accounts. (Scharf Decl. ¶ 11; *see also* Doc. 5-3, at 100 (email from Citrades customer support to L. Pritchett instructing him to transfer funds to Silver Oak Media).)

13. During the Relevant Period, the Defaulting Citrades Defendants received a total of $253,479.67 from Silver Oak Media. Brevspand received $43,453.51, CIT Investments Anguilla received $34,078.13, and CIT Investments Nevada received $175,948.03. (Exs. A and B, CIT Investments and Brevspand reconstructions.)

14. MPM Capital Investments Ltd. was another wire aggregator for the principals of the Citrades website. Citrades customers were instructed to wire funds to MPM Capital Investments to fund their binary options trading accounts. (Scharf Decl. ¶ 15; *see also* Doc. 5-5, at 8 (wire receipt showing transfer of funds from Citrades customer W. Iven Moore to MPM Capital).)

15. During the Relevant Period, CIT Investments Anguilla received a total of $1,408,911.59 from MPM Capital Investments. (Ex. A, CIT Investments reconstruction.)

16. In his declaration, Mr. Scharf explained that two other companies—Starbust Ltd. and Svenska Net LP—served as conduits for wires from Citrades customers. (Scharf Decl. ¶ 15.) CIT Investments Anguilla received payments of $89,220.16 from Starbust and $22,152.01 from Svenska Net. (Ex. A, CIT Investments reconstruction.)

### Affiliates Entities

17. According to Mr. Scharf's declaration, TTN Marketing Ltd. and Triple S Capital Ltd. were shell companies set up by the principals of Citrades to receiver customer wires. (Scharf Decl. ¶ 14.) TTN Marketing and Triple S Capital would aggregate and then remit the customer wires to CIT Investment Anguilla. CIT Investments Anguilla received $74,340.91 from TTN Marketing Ltd. and $10,930.00 from Triple S Capital during the Relevant Period. (Ex. A, CIT Investments reconstruction.)

### Direct Wires

18. CIT Investments Nevada had an account with East/West Bank in California. During the Relevant Period, the account received wire transfers totaling $188,215.20 from various individual persons. (Ex. A, CIT Investments reconstruction.) Mr. Scharf explained in his declaration that these individual persons were customers of Citrades, and the wires were sent to fund binary options trading accounts. (Scharf. Decl. ¶ 16.)

### Total Restitution

19. The Defaulting Citrades Defendants had no business of which I am aware of other than binary options, i.e., the Citrades website.

20. The Kapila bank reconstructions do not evidence any wires or other payments from the Defaulting Citrades Defendants returning funds to any Citrades customer.

21. Taking into account the foregoing, conservative totals of customer funds accepted by the Defaulting Citrades Entities in connection with the Citrades website is as follows:

| Payee | CIT Investments Anguilla | CIT Investments Nevada | Brevspand |
|---|---|---|---|
| Silver Oak Media | $34,078.13 | $175,948.03 | $43,453.51 |
| MPM Capital Investments | $1,408,911.59 | | |
| eMerchantPay | $271,729.10 | | $527,785.68 |
| ECS World | | | $18,283.48 |
| ECP | | | $8,002.28 |
| Optimal Payments Merchant Services | | | $11,961.20 |
| Powercash21 | $1,072,625.85 | | |
| E-ComProcessing | $233,433.26 | | |
| Betapay | $28,291.34 | | |
| Seedpay | $261,069.88 | | |
| Starbust | $89,220.16 | | |
| Svenska Net | $22,152.01 | | |
| TTN Marketing | $74,340.91 | | |
| Triple S Capital | $10,930.00 | | |
| Brent E. Cook | | $10,000.00 | |
| Curt S. Dansie | | $15,000.00 | |
| Dean W. Balbach | | $29,000.00 | |
| Dennis Freeman | | $59,335.20 | |
| Dennis L. Theriault | | $2,500.00 | |
| Edwin Zodins | | $6,980.00 | |
| George Mallett M. Avidson | | $250.00 | |
| George Poon | | $20,000.00 | |
| K. Upchurch | | $25,000.00 | |
| Kenneth M. Sieg | | $8,250.00 | |
| Leticia Cornell | | $1,000.00 | |
| Ndubuisi Okafor | | $900 | |
| Zachary A. Henry Jr. | | $10,000.00 | |
| **Totals** | $3,506,782.22 | $364,164.23 | $609,486.15 |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 25, 2019

_____
Heather N. Dasso