UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Commodity Futures Trading Commission,

    Plaintiff,

vs.

Jason B. Scharf (d/b/a Citrades.com and AutoTradingBinary.com); CIT Investments LLC; Brevspand EOOD; CIT Investments Ltd.; A&J Media Partners, Inc.; Michael Shah; and Zilmil, Inc.

    Defendants.
_____/

Case No. 3:17-cv-774-J-32MCR

## DEFENDANT MICHAEL SHAH'S OBJECTIONS TO: (A) RECEIVER'S SEVENTH INTERIM APPLICATION FOR AN ORDER APPROVING AND AUTHORIZING PAYMENT OF FEES AND EXPENSES OF RECEIVER AND HIS PROFESSIONALS; AND (B) RECEIVER'S MOTION TO REMOVE OR INCREASE QUARTERLY LIMIT FOR FEES AND COSTS OF RECEIVER AND HIS PROFESSIONALS

Defendant Michael Shah, by his undersigned counsel, files his objections to: (A) the Receiver's Seventh Interim Application for an Order Approving and Authorizing Payment of Fees and Expenses of Receiver and His Professionals (Doc. 243) (**"Seventh Fee Application"**); and (B) the Receiver's Motion to Remove or Increase Quarterly Limit for Fees and Costs of Receiver and His Professionals (Doc. 244) (**"Quarterly Limit Application"**).

In his Seventh Fee Application, the Receiver seeks the Court's approval for payment of fees and expenses for himself and his professionals pursuant to the Consent Order for Permanent Injunction, Civil Monetary Penalty, and Other Equitable Relief Against Defendants Michael Shah and Zilmil, Inc. (Doc. 223).[1] In his Quarterly Limit Application, the Receiver

---

[1] The Receiver cites other Orders as well.

seeks approval to exceed the $50,000 quarterly limit on fees and expenses, established by the Court during the hearing on March 16, 2018 (Doc. 91). Both petitions should be denied in whole or in part.

The Receiver is spending and plans to continue spending assets of the Receivership Estate on tasks that cannot be justified by any reasonable cost/benefit analysis. The Receiver is spending assets on claims that are barred by the statute of limitations, and those that involve *de minimis* amounts, or amounts for which the cost of pursuit would likely exceed the amount that could reasonably be expected to be recovered. For example, the Receiver appears to be pursuing claims against Bhavana Shah that appear to amount to approximately $4,000 and involve transactions from 2010. Such transactions would be well outside the Relevant Period,[2] would likely have nothing to do with the binary options activity that was the subject of this proceeding, and would be barred by the statute of limitations and other time bars. Likewise, the Receiver appears to be pursuing claims against Uday Kumar for a similarly small amount (approximately $7,000), of which an even lesser amount would arguably fall within the limitations period. In both instances, the expected cost of recovery would likely far exceed the amount potentially recoverable and would be detrimental to the Receivership Estate.

The Receiver appears to be pursuing claims against a significant number of other persons and entities that appear to be barred by the statute of limitations, and in some instances involve transactions well before the Relevant Period, including but not limited to Jason Gazaway, Relentless Marketing, Montello Marketing, Affiliate Monster, LSports, Sadiq Mohammed Imran, Jani Ghaffor, Europlakat, 3Marketing, Ashley Baker, Tom Strignano,

---

[2] The CFTC defined the **"Relevant Period"** as June 2013 through July 10, 2017. Doc. 3 ¶ 2.

David Raybould, Manoj Kumar, Sujata Shah, Manoj Shah, and Eric Shah. Dr. Shah has raised these concerns with the Receiver. Exhibit A.

Dr. Shah also objects to the Receiver expending Estate assets pursuing assets of Dr. Shah that are exempt and/or not part of the $9.3 million identified by the Court as the limit on Dr. Shah's restitution obligation. *See e.g.,* Doc. 229 ¶¶ 59 and 69.

It appears that the Receiver is at serious risk of violating the limits imposed by the Court, if he is not already in violation. The Court ordered that "[f]ollowing the forthcoming January 1, 2019 to March 31, 2018 [Fee] Application, the Receiver may not spend or commit to spending more than $50,000 total without advance approval of the Court." Doc. 91 ¶ 5 ("**Limiting Order**").[3] The Receiver has advised the Court that, for the third calendar quarter of 2019 (July to September), he has already incurred fees and expenses for the month of July only in the amount of $39,597. Doc. 243 p. 2. Unless the Receiver substantially curtailed or discontinued operations on this matter in August and September, it is likely that he is already in violation of the Court's Limiting Order.

For the reasons stated herein, Defendant Michael Shah objects to the Receiver's Seventh Fee Application and his Quarterly Limit Application. Prior to utilizing additional assets of the Receivership Estate to pay his and his professionals' fees and expenses, the Receiver should be required to demonstrate to the Court, at minimum, that the claims he is pursuing and intends to pursue are viable legal claims that are within the Relevant Period, that are not obviously barred by the statute of limitations, and that the amounts he is seeking to recover in each instance exceed the anticipated cost of recovery.

---

[3] Undersigned counsel believes the transcript of the March 16, 2018 hearing reflects that the Court placed this limitation on *quarterly* fees and expenses, though the Limiting Order does not so specify.

3

/s/ Peter B. King
Peter B. King (FBN 0057800)
WIAND GUERRA KING P.A.
5505 W. Gray Street
Tampa, FL 33609
Phone: (813) 347-5100
Fax: (813) 347-5198
Email: pking@wiandlaw.com
Attorneys for Defendants Michael Shah and Zilmil, Inc.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on December 9, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

/s/Peter B. King
Peter B. King (FBN: 0057800)