**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

COMMODITY FUTURES
TRADING COMMISSION,

    Plaintiff,

v.                                 Case No. 3:17-cv-774-J-32MCR

JASON B. SCHARF, CIT
INVESTMENTS LLC,
BREVSPAND EOOD, CIT
INVESTMENTS LTD., A&J MEDIA
PARTNERS, INC., MICHAEL
SHAH, and ZILMIL, INC.,

    Defendants.

**O R D E R**

This case is before the Court on numerous pending motions. On July 24, 2020, the Court held a hearing on all pending motions in this case and its two ancillary cases: Murena v. Shah, 3:19-cv-856-J-32PDB and Murena v. Kumar, 3:19-cv-812-J-32JRK. The record of the hearing is incorporated herein.

For the reasons stated on the record, it is hereby

**ORDERED:**

1. The Receiver's Eighth Interim Application for an Order Approving and Authorizing Payment of Fees and Expenses (Doc. 261), which covers the

period from August 2019 through January 2020 is **GRANTED**. As discussed at the hearing, the Receiver should have done a better job of obtaining prior approval based on the Court's orders. But, in reviewing the Receiver and his professionals' time expended and what they have accomplished, the Court is prepared to pay the application in full.

   a. The Receiver's Eighth Interim Application is **APPROVED**.

   b. The total amount of fees and costs that the Receiver and his Lead Counsel, Damian & Valori LLP, incurred during the Application Period in the amount of $100,546.48 (comprised of $96,900.00 in fees and $3,646.48 in costs) is **APPROVED**.

   c. The Receiver is **AUTHORIZED** to pay 100% of all fees and costs that the Receiver and his Lead Counsel, Damian & Valori LLP, incurred during the Application Period to be paid immediately from the Receiver's Zilmil fiduciary account.

   d. The total amount of the fees and costs that the Forensic Accountant, Kapila Mukamal LLP, incurred during the Application Period in the amount of $27,732.82 (comprised of $27,638.00 in fees and $94.82 in costs) is hereby **APPROVED**.

   e. The Receiver is **AUTHORIZED** to pay 100% of fees and costs that the Forensic Accountants, Kapila Mukamal LLP, incurred during

    the Application Period, to be paid immediately from the Receiver's Zilmil fiduciary account.

  f. Going forward, the Receiver shall submit status reports and associated fee applications twice a year, covering January through June and July through December respectively.[1] The updates shall clearly delineate the expenses incurred each calendar quarter and shall not exceed the quarterly caps imposed by the Court without prior Court approval. Although the Court is permitting the Receiver to file fewer updates and applications, the Court's expenditure limits still apply to each quarter separately.

  g. The Court reserves final approval of all fees approved herein until such time as the Receiver is discharged of his duties in this matter and/or final disbursement of funds held by the Estate.

2. The Receiver's Notice Regarding Efforts to Implement Claims Process and Unopposed Motion to Establish Revised Schedule (Doc. 273) is **GRANTED in part**. The Court previously approved the process and notice, and it imposed a $75,000 cap for phase one. (Doc. 253).

  a. The Receiver is **authorized** to commence phase one of the Notice and Claims process.

---

[1] The Eighth Application (Doc. 261) already covered January, 2020.

3

    b. If the Receiver believes, based on claims submitted, that phase one may exceed the $75,000 cap, then he shall file a motion with the Court requesting an increase to the Court's expenditure limit.

    c. As stated at the hearing, after phase one concludes the Receiver will prepare a status update for the Court and provide recommendations on how to proceed based on the number of claims submitted. Phase one is governed by the following deadlines:

        i. Deadline to send out notice of claims process – **August 21, 2020**.

        ii. Deadline for claimants to submit claims – **September 25, 2020**.

        iii. Deadline for the Receiver to file a notice regarding the results of phase one of the claims process and a proposed schedule for the remainder of the claims process – **October 23, 2020**.

3. The Receiver's Unopposed Motion to Approve Settlement Agreement and Release (Doc. 277) is **GRANTED**.

    a. The Settlement Agreement with Montello Marketing, Inc. is **APPROVED**.

    b. The Court retains jurisdiction to enforce the terms of the settlement agreement.

4. The Receiver's Unopposed Application for Authorization to Pay Litigation Expert Witness (Doc. 290) is **GRANTED**.

    a. The Receiver is authorized to pay his expert witness, Melissa Davis, $29,411.55 in fees and costs from the Receiver's fiduciary account.

    b. The Receiver is authorized to pay Susan Smith $870 for her deposition time from the Receiver's fiduciary account.

5. The Receiver's Amended Motion for Limited Increase in Court-Imposed Quarterly Limit for Receiver's Expenditures During Second and Third Quarters of 2020 (Doc. 297) is **GRANTED in part and DENIED in part**.

    a. The Receiver's requested increase in the expenditure cap for the second quarter of 2020 is **granted**. The cap for the period of April, May, and June 2020 is increased to $150,000.

    b. The Receiver's requested increase in the expenditure cap for the third quarter of 2020 is **denied without prejudice**. As the Court vacated the scheduled trial date in <u>Murena v. Shah</u>, 3:19-cv-856-J-32PDB, the Receiver's reasons for increasing the cap to $125,000 no longer exist. The Court imposes a $100,000 cap for the third quarter of 2020, and the Receiver shall request any increase in the cap <u>before incurring the expenses</u>.

6. Defendant Michael Shah's Motion for Partial Relief from Consent Order for Permanent Injunction, Civil Monetary Penalty, and Other Equitable Relief Against Defendants Michael Shah and Zilmil, Inc. (Doc. 265) is

5

taken under advisement. If this case does not settle, the Court will conduct an evidentiary hearing in conjunction with the bench trial in Murena v. Shah, 3:19-cv-856-J-32PDB at which the lawyers would be required to testify regarding the motion.

7. The Receiver's Motion for Imposition of Constructive Trust on Funds, Assets, and Real Property Traceable to Zilmil, Inc. (Doc. 268) is **taken under advisement**. This motion will also be handled in conjunction with the bench trial in Murena v. Shah, 3:19-cv-856-J-32PDB.

8. As stated at the hearing, the parties agreed to conduct a global mediation with the parties in, Murena v. Shah, 3:19-cv-856-J-32PDB. The Receiver shall take the lead in scheduling a global mediation to occur by **October 16, 2020**. If the parties are unsuccessful in reaching a settlement, they shall file a joint notice within ten days of the mediation recommending how the case should proceed.

**DONE AND ORDERED** in Jacksonville, Florida this 27th day of July, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

jjb
Copies to:
Counsel of record