# EXHIBIT A

# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Settlement") is made and entered into by and between **Kenneth D. Murena**, as Receiver (the "Receiver") of Zilmil, Inc. ("Zilmil"), and **Dr. Michael Shah** (each individually referred to as a "Party" and collectively as the "Parties).

## I.    RECITALS

A.    WHEREAS, on July 10, 2017, the Commodity Futures Trading Commission ("CFTC") filed a Complaint in the U.S. District Court for the Middle District of Florida (the "District Court") styled *United States Commodity Futures Trading Commission v. Jason B. Scharf, et al.*, Case No. 17-cv-774-J-32MCR.

B.    WHEREAS, on April 25, 2019, the District Court entered the Consent Order for Permanent Injunction, Civil Monetary Penalties, and Other Equitable Relief Against Defendants Michael Shah and Zilmil, Inc. (the "Permanent Injunction"), and the Parties hereby resolve any and all claims the Receiver had, has, or may have relating to Michael Shah except as expressly set forth herein, subject to the District Court's approval of this Agreement.

**NOW THEREFORE**, in consideration of the mutual promises, exchanges and forbearances set forth below, the sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

## II.    GENERAL PROVISIONS

A.    **Approval**: The Parties acknowledge and agree that this Settlement is subject to the approval of the District Court and, therefore, will not be binding until such approval has been granted (the "Approval"). Should the District Court not approve this Settlement, it will not become effective and the Parties shall return to their respective positions prior to entering into it.

B.    **Recitals**: The Parties acknowledge and agree that the Recitals set forth hereinabove are true, accurate and correct and the same are hereby incorporated into this Settlement.

C.    **Settlement Amount and Payment Schedule:** The Parties agree that Michael Shah's Restitution Obligation of $9,300,000.00 set forth in the Permanent Injunction, and any and all other liabilities and monetary obligations of Michael Shah relating to or arising from the Consent Order or any other proceeding brought or to be brought by the Receiver (except the Civil Monetary Penalty of Michael Shah), shall be deemed fully satisfied upon the payment of the following to the Receiver (the "Settlement Amount"):

   i.    $271,000.00, which may be satisfied in whole or in part by the immediate transfer to the Receiver from the accounts of Michael Shah and his family members at TD Canada Trust. In any event, Michael Shah guarantees the full payment of this $271,000 and shall pay any outstanding amount within the later of ten days of (a) the receipt of all funds from TD Canada Trust, or (b) the Approval of this Agreement; and

   ii.   $275,000.00 paid as follows:

>   a) 100,000.00 paid within twenty business days of the date of Approval of this Agreement; and
>   b) $175,000.00 paid within ninety days of Approval of this Agreement.

The payment of the Settlement Amount to the Receiver shall be in U.S. Dollars and shall be in the form of immediately available funds, including cashier's check or money order, made payable to "Kenneth D. Murena, as Receiver", delivered to Damian & Valori LLP, 1000 Brickell Avenue, Suite 1020, Miami, Florida 33131, Attn: Russell Landy, Esq., or by wire transfer to the Receiver's fiduciary account for the Receivership Estate.

Upon Approval of this Settlement, the Receiver will withdraw his Motion for Constructive Trust filed in the District Court only as to Michael Shah and will stipulate to the entry of an order releasing and discharging Michael Shah from the receivership.

D. **Conditions for Release of Michael Shah**: Upon full payment of the Settlement Amount required herein, the Receiver will release and discharge Michael Shah from any and all claims, demands, obligations, actions, causes of action, rights, damages, judgments, liens, recoveries or collections of assets known or unknown, punitive damages, attorneys' fees, costs, expenses and compensation of any nature, in law or equity, known or unknown, accrued or unaccrued, which the Receiver now has or which may hereafter accrue or otherwise be acquired against Michael Shah. The Receiver specifically acknowledges that this release includes any and all actions against Michael Shah of any nature whatsoever relating to Zilmil, and/or the Permanent Injunction, and/or any collection or recovery efforts against Michael Shah of any nature whatsoever relating to Zilmil and/or the Permanent Injunction. The Receiver agrees that this is a general release of Michael Shah of any and all financial obligations of Michael Shah under the Permanent Injunction (other than his Civil Monetary Penalty) or otherwise and shall be construed in its broadest possible sense, excluding only any possible partition action related to the Residence located at 7820 Collins Grove Road, Jacksonville, Florida 32256 (the "Residence") should the Receiver acquire a lien and/or ownership interest in the Residence through other litigation. The Receiver agrees that the amount of funds used for the purchase of the Residence that originated from an account of Michael Shah shall be released from any claims of the Receiver, against Michael Shah.

E. The Receiver agrees that any funds paid by or recovered from Michael Shah as part of his Restitution Obligation that remain after the payment of all claims and all costs of administering the Receivership, will be applied to any remaining Civil Monetary Penalty owed by Michael Shah.

F. **Material Breach:** The Parties acknowledge and agree that the failure by Michael Shah to pay the Settlement Amount as set forth above will constitute a material breach of this Settlement and that should such a material breach occur, the Receiver shall be entitled to the entry of a final judgment against Michael Shah in the amount of $546,000.00, plus pre- and post-judgment interest, less any and all amounts that the Receiver received hereunder. In addition, the Receiver shall be entitled to collect from Michael Shah any and all attorneys' fees and costs that he incurs in connection with any material breach of this Settlement and any efforts to have the judgment entered and to collect the judgment amount.

G. **No Admission of Liability:** Nothing herein shall be construed as an admission of liability by any Party, any such liability being expressly disputed and denied, and shall never be construed as an admission(s) by the Parties hereto.

H. The Parties and their counsel will execute and file all documents and/or stipulations needed to effectuate the terms of this Settlement.

### III. WARRANTY OF CAPACITY AND AUTHORITY TO EXECUTE SETTLEMENT

The Parties represent and warrant that no other person or entity has or has had any interest in the claims, demands, obligations or causes of action referred to in this Settlement; that they have the sole and exclusive right to receive sums specified in it; that they have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Settlement; and that the person executing this Settlement has the authority, on behalf of each Party, to execute the terms and conditions of the Settlement. The Receiver represents and warrants that he has full authority to release Michael Shah from his liabilities and obligations as set forth herein, subject to District Court Approval.

### IV. ENTIRE AGREEMENT AND SUCCESSORS-IN-INTEREST

The Parties agree that this Settlement contains the entire agreement between the Receiver and Michael Shah with regard to the matters set forth in it, and shall be binding upon and inure to the benefit of their respective successors and assigns. There are no other understandings or agreements, verbal or otherwise, in relation thereto between the Parties, except as herein expressly set forth. There have been no representations not set forth herein that the Parties have relied upon when entering into this Settlement. Should any provision of this Settlement require interpretation or construction, the Parties agree that all Parties have participated in the drafting of this document and no presumption regarding construing the document against one Party shall apply.

### V. PARTIES' OPPORTUNITY TO BE REPRESENTED BY COUNSEL

The Parties acknowledge that each has had the opportunity to consult with the attorney of their choice. Furthermore, each Party to this Settlement represents and warrants that they are entering into this Settlement of their own free will, without having been subjected to any form of duress or coercion of any kind.

### VI. ATTORNEYS' FEES

In any action brought to enforce the terms of this Settlement, the prevailing Party shall be entitled to recover their reasonable attorneys' fees and costs including expert witness fees incurred in seeking the enforcement of the terms of this Settlement, including fees and costs on appeal and the fees and costs incurred in litigating the amount of such fees and costs.

## VII. **EXECUTION**

This document may be executed in multiple parts, each of which shall be deemed an original and all such counterparts together shall constitute one and the same instrument. Electronic, PDF, and facsimile signatures are binding as originals.

## VIII. **SEVERABILITY**

In the event any provision of this Settlement is found to be invalid by any court of law, the remaining provisions of the Settlement shall remain valid and binding on the Parties.

## IX. **JURISDICTION AND VENUE FOR LITIGATION OF DISPUTES**

In the event of a dispute as to the interpretation, enforcement, application or violation of this Settlement, it is understood and agreed that the District Court shall retain exclusive jurisdiction, and be the exclusive venue, in which to resolve such dispute. In addition, the Parties specifically agree that the District Court retains the right to award to the prevailing Party the attorneys' fees and costs incurred in connection with the enforcement of this Settlement.

## X. **CONSTRUCTION BY STATE LAW**

This Settlement shall be governed by, construed, and enforced in accordance with the laws of the State of Florida to the extent state law is applicable, without giving effect to principles of conflicts of law.

*Michael Shah*
_____          _____
DR. MICHAEL SHAH                                KENNETH D. MURENA, AS RECEIVER
                                                                      FOR ZILMIL, INC.

Dated: 8/25/2020                                    Dated: _____

4

### VII. EXECUTION

This document may be executed in multiple parts, each of which shall be deemed an original and all such counterparts together shall constitute one and the same instrument. Electronic, PDF, and facsimile signatures are binding as originals.

### VIII. SEVERABILITY

In the event any provision of this Settlement is found to be invalid by any court of law, the remaining provisions of the Settlement shall remain valid and binding on the Parties.

### IX. JURISDICTION AND VENUE FOR LITIGATION OF DISPUTES

In the event of a dispute as to the interpretation, enforcement, application or violation of this Settlement, it is understood and agreed that the District Court shall retain exclusive jurisdiction, and be the exclusive venue, in which to resolve such dispute. In addition, the Parties specifically agree that the District Court retains the right to award to the prevailing Party the attorneys' fees and costs incurred in connection with the enforcement of this Settlement.

### X. CONSTRUCTION BY STATE LAW

This Settlement shall be governed by, construed, and enforced in accordance with the laws of the State of Florida to the extent state law is applicable, without giving effect to principles of conflicts of law.

_____  
DR. MICHAEL SHAH

Dated: _____

_____  
KENNETH D. MURENA, AS RECEIVER FOR ZILMIL, INC.

Dated: __8/25/20__