## SETTLEMENT AND RELEASE AGREEMENT

THIS SETTLEMENT AND RELEASE AGREEMENT (the "Settlement Agreement") is made and entered into by and between **Kenneth D. Murena**, as Receiver of Zilmil, Inc. ("Zilmil"), Michael Shah, Jason B. Scharf (d/b/a Citrades.com and AutoTradingBinary.com), CIT Investments, LLC, and Brevspand EOOD (the "Receiver"), and **Eric Shah, Manoj Shah**, and **Sujata Shah** (together the "Defendants", and together with the Receiver referred to individually as a "Party" and collectively as the "Parties").

### I. RECITALS

A. WHEREAS, on July 10, 2017, the Commodity Futures Trading Commission ("CFTC") filed a Complaint in the U.S. District Court for the Middle District of Florida (the "District Court") styled *United States Commodity Futures Trading Commission v. Jason B. Scharf, et al.*, Case No. 17-cv-774-J-32MCR (the "Main Case").

B. WHEREAS, Mr. Murena was appointed as full equity Receiver for Zilmil and the other Main Case defendants.

C. WHEREAS, on July 23, 2019, the Receiver filed a complaint in the District Court asserting claims for fraudulent transfer and unjust enrichment (collectively, the "Transfers") against, *inter alia*, the Defendants initiating the case styled *Kenneth Dante Murena, as Receiver of Zilmil, Inc., v. Manoj Shah, Eric Shah, and Sujata Shah*, Case No. 3:19-cv-00856-TJC-PDB (the "Litigation").

D. WHEREAS, on April 22, 2020, the Receiver filed a Motion for Constructive Trust in the Main Case (the "Constructive Trust Motion").

**NOW THEREFORE**, in consideration of the mutual promises, exchanges and forbearances set forth below, the sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

### II. GENERAL PROVISIONS

A. **Approval**: The Parties acknowledge and agree that this Settlement Agreement is subject only to the approval of the District Court. Should the District Court deny the Motion to Approve this Settlement as set forth in Section II.E. below, or fail to enter the Approval Order, this Settlement Agreement shall be void *ab initio* and of no effect, and the Parties shall return to the Litigation. The Parties agree they are bound by the terms of the Settelment Agreement as of the date executed, subject only to the event that the District Court denies the Motion to Approve as set forth in Section II.E. below or fails to to enter the Approval Order. By way of clarification, if the District Court grants the Motion to Approve and enters the Approval Order, but fails to enter the Approval Order With Additional Bar Order Language (defined in Section II.E. below) or a separate Bar Order, this Settlement Agreement will nonetheless be deemed approved for all purposes and be fully binding upon the Parties.

B. **Recitals**: The Parties acknowledge and agree that the Recitals set forth hereinabove are true, accurate and correct and the same are hereby incorporated into this Settlement

1

Agreement.

C. **Settlement Amount and Payment Schedule:** The Defendants will pay to the Receiver a total of One Million Three Hundred Forty-Seven Thousand Five Hundred Dollars (USD) ($1,347,500.00) (the "Settlement Amount") on or before the later of (i) sixty (60) days after the date of this Settlement Agreement or (ii) fifteen (15) days after the Court's entry of an Order granting the Motion to Approve (the "Approval Order"). The payment of the Settlement Amount to the Receiver shall be in the form of immediately available funds, including cashier's check or money order, made payable to "Kenneth D. Murena, as Receiver", delivered to Damian & Valori LLP, 1000 Brickell Avenue, Suite 1020, Miami, Florida 33131, Attn: Russell Landy, Esq., or by wire transfer to the Receiver's Trust Account.

D. **General Release**: Effective immediately upon clearance of the payment of the Settlement Amount required herein by or on behalf of the Defendants, the Receiver will release and discharge the Defendants, and their heirs, attorneys, agents, successors and assigns, along with any person or entity to whom the Defendants have transferred any portion of the Transfers (together the "Released Parties") from any and all claims, demands, obligations, actions, causes of action, rights, damages, punitive damages, attorneys' fees, costs, expenses and compensation of any nature whatsoever, which the Receiver or Zilmil now has or which may hereafter accrue or otherwise be acquired against the Released Parties, known and unknown, foreseen and unforeseen, from the beginning of time until the date hereof, including without limitation any arising from the Transfers, the Litigation or the Main Case.

E. **Motion to Approve and Approval Order:** The Parties shall, within ten (10) days following the execution of this Settlement Agreement file in the Main Case a joint motion to approve this Settlement Agreement in a form acceptable to Defendants (the "Motion to Approve"), which Motion to Approve may, at the option of the Defendants, include without limitation, a prayer for relief that includes a "bar order" in a form acceptable to Defendants enjoining all persons, including without limitation any past, present or future creditors of Zilmil, any Main Case Defendant, the Commodities Futures Exchange Commission ("CFTC"), from commencing any action against any of the Defendants for any matter related to their receipt of the Transfers or their involvement with Zilmil in any capacity, whether as employee, independent contractor, officer, director, shareholder or otherwise (the "Bar Order"). The proposed order approving the Motion to Approve shall at a minimum contain language that is substantially similar to that included on the attached **Exhibit A** and accomplishes an eqivalent outcome (the "Approval Order").

The Approval Order may also include the Bar Order and related additional language, provided that any Approval Order that includes the Bar Order or any other language that is in addition to the Approval Order shall be referred to as the "Approval Order With Additional Bar Order Language." The Receiver will consent to an effort of the Defendnts to obtain an Approval Order With Additional Bar Order Language, but is not obligated to advocate for an Approval Order With Additional Bar Order Language. The Defendants may prepare separate standalone notice(s) of the Motion to Approve, the proposed Approval Order or Approval Order With Additional Bar Order Language, and any hearing on the matter, in a form acceptable to Defendants, and serve the same on parties in the Main Case or other persons at their own expense. Should the District Court decline to enter an Approval Order With Additional Bar Order Language or a separate Bar Order, but otherwise approve this Settlment Agreement and enter the Approval Order (whether as a standalone order, or as an order that grants only the Approval Order language, or substantially

2

similar language that effects an equivalent outcome, without the additional language included in the Approval Order With Additional Bar Order Language), the Settlement Agreement will be deemed approved by the District Court.

   F. **Dismissal of Litigation and Denial of the Constructive Trust Motion:** Upon clearance of the payment of the Settlement Amount, the Parties shall (i) file a joint stipulation for dismissal of the Litigation with prejudice in a form agreed to by Defendants, (ii) file an agreed order to the Court in the Main Case denying the Constructive Trust Motion as moot and with prejudice, and (iii) execute a standalone general and unconditional release of each Defendant on terms identical to that provided in Section II.D. above. Upon the request of a Defendant, the Receiver will provide any reasonable cooperation requested of a Defendant, and execute such documents, as may be reasonably required to ensure that any encumbrance or cloud on the title of the real property that is the subject of the Constructive Trust Motion is cleared and removed.

   G. **Material Breach:** The Parties acknowledge and agree that the failure by the Defendants to pay the Settlement Amount as set forth above will constitute a material breach of this Settlement Agreement and that should such a material breach occur, the Receiver shall be entitled to the entry of a final judgment against the Defendants, jointly and severally, in the amount of $1,347,500.00, plus post-judgment interest, less any and all amounts that the Receiver received hereunder. In addition, the Receiver shall be entitled to any and all attorneys' fees and costs that he incurs in connection with obtaining such final judgement and any efforts to have the judgment entered and to collect the judgment amount. The Parties further acknowledge and agree that the failure of the Receiver to perform its obligations set forth herein shall constitute a material breach, and should that material breach occur, any of the Defendants shall be entitled to enforce this Settlement Agreement by specific performance and recover their attorneys' fees and costs that they incur in connection the Receiver's breach, provided there remain funds in the Receivership Estate and the District Court approves such payment of fees and costs therefrom.

   H. **No Admission of Liability:** Nothing herein shall be construed as an admission of liability by either Party, any such liability being expressly disputed and denied, and shall never be construed as an admission(s) by the Parties hereto. The Parties acknowledge that the nature of the Litigation related to a contested liability and, further, that the claims are being released in exchange for a release from these contested liabilities. As such, the Parties agree that the claims made to contest such liability were made in good faith, and, as a result, the Parties agree that the Receiver shall not issue a Form 1099-C or any other tax document that seeks to or would result in imputation of income to the Defendants.

**III. WARRANTIES AND REPRESENTATIONS**

   The Parties represent and warrant that no other person or entity has or has had any interest in the claims, demands, obligations or causes of action referred to in this Settlement Agreement; that they have the sole and exclusive right to receive sums specified in it; that they have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Settlement Agreement; that the person executing this Settlement Agreement has the authority, on behalf of each Party, to execute the terms and conditions of the Settlement Agreement; and that the Parties will pursue District Court approval of this Settlement Agreement, the Motion to Approve and the Approval Order in the Main Case.

The Parties shall not disclose any information or documentation obtained in the Litigation from or relating to the other Party, except as may be required pursuant to a lawfully served subpoena or other legal process, or regular reporting by the Receiver to the District Court in the Main Case, but only after written notice to the other affected Parties. Nothing herein shall preclude the disclosure of any information to a Party's attorneys, accountants, consultants, or employees as the Party deems reasonably necessary to comply with this Settlement Agreement.

## IV. ENTIRE AGREEMENT AND SUCCESSORS-IN-INTEREST

The Parties agree that this Settlement Agreement contains the entire agreement between the Parties with regard to the matters set forth in it, and shall be binding upon and inure to the benefit of their respective successors and assigns. There are no other understandings or agreements, verbal or otherwise, in relation thereto between the Parties, except as herein expressly set forth. There have been no representations not set forth herein that the Parties have relied upon when entering into this Settlement Agreement. Should any provision of this Settlement Agreement require interpretation or construction, the Parties agree that all Parties have participated in the drafting of this document and no presumption regarding construing the document against one Party shall apply.

## V. PARTIES' OPPORTUNITY TO BE REPRESENTED BY COUNSEL

The Parties acknowledge that each has had the opportunity to consult with the attorney of their choice. Furthermore, each Party to this Settlement Agreement represents and warrants that they are entering into this Settlement Agreement of their own free will, without having been subjected to any form of duress or coercion of any kind.

## VI. ATTORNEYS' FEES

In any action brought to enforce the terms of this Settlement Agreement, the prevailing Party shall be entitled to recover their reasonable attorneys' fees and costs including expert witness fees incurred in seeking the enforcement of the terms of this Settlement Agreement, including fees and costs on appeal and the fees and costs incurred in litigating the amount of such fees and costs.

## VII. EXECUTION

This document may be executed in multiple parts, each of which shall be deemed an original and all such counterparts together shall constitute one and the same instrument. Electronic, PDF, and facsimile signatures are binding as originals.

## VIII. SEVERABILITY

In the event any provision of this Settlement Agreement is found to be invalid by any court of law, the remaining provisions of the Settlement Agreement shall remain valid and binding on the Parties.

## IX. JURISDICTION AND VENUE FOR LITIGATION OF DISPUTES

In the event of a dispute as to the interpretation, enforcement, application or violation of this Settlement Agreement, it is understood and agreed that the District Court shall retain exclusive jurisdiction, and be the exclusive venue, in which to resolve such dispute. In addition, the Parties specifically agree that the District Court retains the right to award to the prevailing Party the attorneys' fees and costs incurred in connection with the enforcement of this Settlement.

## X. CONSTRUCTION BY STATE LAW

This Settlement Agreement shall be governed by, construed, and enforced in accordance with the laws of the State of Florida to the extent state law is applicable, without giving effect to principles of conflicts of law.

_EricShah_  
Eric Shah

Dated: 09/10/2020

_Sujata Shah_  
Sujata Shah

Dated: 09/10/2020

_MBShah._  
Manoj Shah

Dated: 09-10-2020

Kenneth D. Murena, as Receiver for Zilmil, Inc., Michael Shah, Jason B. Scharf (d/b/a Citrades.com and AutoTradingBinary.com), CIT Investments, LLC, and Brevspand EOOD

Dated: _____

IX. **JURISDICTION AND VENUE FOR LITIGATION OF DISPUTES**

In the event of a dispute as to the interpretation, enforcement, application or violation of this Settlement Agreement, it is understood and agreed that the District Court shall retain exclusive jurisdiction, and be the exclusive venue, in which to resolve such dispute. In addition, the Parties specifically agree that the District Court retains the right to award to the prevailing Party the attorneys' fees and costs incurred in connection with the enforcement of this Settlement.

X. **CONSTRUCTION BY STATE LAW**

This Settlement Agreement shall be governed by, construed, and enforced in accordance with the laws of the State of Florida to the extent state law is applicable, without giving effect to principles of conflicts of law.

_____
Eric Shah

Dated: _____

_____
Sujata Shah

Dated: _____

_____
Manoj Shah

Dated: _____

_____
Kenneth D. Murena, as Receiver for Zilmil, Inc.,
Michael Shah, Jason B. Scharf (d/b/a Citrades.com
and AutoTradingBinary.com), CIT Investments, LLC,
and Brevspand EOOD

Dated: 9/10/20

**Exhibit A to Settlement Agreement**

**Approval Order**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No. 17-cv-774-J-32MCR

Commodity Futures Trading Commission,

    Plaintiff,
v.

Jason B. Scharf (d/b/a Citrades.com and AutoTradingBinary.com); *et al.*

    Defendants.
_____/

Kenneth Dante Murena, as Receiver for Zilmil, Inc.,

    Plaintiff,
v.

Manoj Shah; Bhavana Babulal Shah; Eric Shah; Sujata Shah; and Udaykumar Shah,

    Defendants.
_____/

ANCILLARY CASE NO.:
3:19-cv-00856-TJC-PDB

**ORDER GRANTING JOINT MOTION OF RECEIVER AND DEFENDANTS FOR APPROVAL OF SETTLEMENT AGREEMENT**

THIS CAUSE came before the Court upon the Joint Motion of Receiver and Defendants for Approval of Settlement Agreement [ECF No. ____] (the "Motion"). The Court, having reviewed the Motion, noting that no objection to the motion has been filed, and otherwise being fully advised in the matter, finds that the relief requested in the Motion should be granted.

Accordingly, it is,

**ORDERED** as follows:

1. The Motion is **GRANTED.**

2. The Settlement Agreement entered into between the Parties is **APPROVED**, and is final and binding upon the Parties, their successors and assigns, as provided in the Settlement Agreement.

3. The Parties to the Settlement Agreement are authorized to perform their obligations under the Settlement Agreement.

4. Without limitation of the foregoing, upon the payment of the Settlement Amount as provided in Section II.C. of the Settlement Agreement, the general releases set forth in Section II.D of the Settlement Agreement are **APPROVED**, and are final and binding on the Parties and their successors and assigns, as provided in the Settlement Agreement.

5. Nothing in this Order or the Settlement Agreement, and no aspect of the Parties' settlement or negotiations thereof, is or shall be construed to be an admission or concession of any violation of any statute or law, of any fault, liability or wrongdoing.

6. The Parties' settlement and the Settlement Agreement reflect the Parties settlement of disputed claims that were contested between the Parties, and settled, in good faith.

7. In accordance with the Settlement Agreement, upon the payment of the Settlement Amount as provided in Section II.C. of the Settlement Agreement, the Receiver is directed and authorized to dismiss with prejudice that certain ancillary case that is related to this matter, namely *Kenneth Dante Murena, as Receiver of Zilmil, Inc., v. Manoj Shah, Eric Shah, and Sujata Shah, et al.*, Case No. 3:19-cv-00856-TJC-PD (the "Ancillary Case"), against all defendants.

8. The Receiver's Motion for Imposition of Constructive Trust on Funds, Assets, and Real Property Traceable to Zilmil, Inc. (Doc. 268) is hereby **DENIED AS MOOT** to Eric Shah.

9. Without impairing or affecting the finality of this Order, the Court retains continuing and exclusive jurisdiction to construe, interpret and enforce this Order and the Settlement Agreement including, without limitation, the general releases in the Settlement Agreement.

**DONE AND ORDERED** in Chambers at Jacksonville, Florida, this _____ day of _____, 2020.

_____
HONORABLE TIMOTHY J. CORRIGAN

United States District Judge, United States District Court for the Middle District of Florida

Copies to: All Parties of Record in the instant case and the Ancillary Case