UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


Case No. 17-cv-774-J-32MCR


Commodity Futures Trading Commission,

     Plaintiff,

v.

Jason B. Scharf (d/b/a Citrades.com and
AutoTradingBinary.com); *et al.*


     Defendants.

_____/


**ORDER GRANTING JOINT MOTION OF RECEIVER AND DEFENDANTS
FOR APPROVAL OF SETTLEMENT AGREEMENT AND BARRING CERTAIN
CLAIMS AGAINST ERIC SHAH, MANOJ SHAH AND SUJATA SHAH**

THIS CAUSE came before the Court upon the joint motion of the Receiver and Eric Shah, Manoj Shah, and Sujata Shah (collectively the "Shah Family"), defendants in the ancillary case styled *Kenneth Dante Murena, as Receiver for Zilmil, Inc. v. Eric Shah, Manoj Shah, and Sujata Shah*, Case No.: 3:19-cv-00856-TJC-PDB (the "Ancillary Case"), for approval of their Settlement Agreement, and the Shah Family seeking inclusion of bar order language in the approval order [ECF No. _____] (the "Motion"). The Court, having reviewed the Motion, noting that no objection to the Motion has been filed, and otherwise being fully advised in the matter, finds that the relief requested in the Motion should be granted and further **FINDS AND DETERMINES** as follows:

     A.     The Court has jurisdiction over the subject matter, including, without limitation, jurisdiction to consider the Motion[1], the Settlement Agreement and the proposed Approval Order with Bar Order language, and authority to grant the Motion, approve the Settlement Agreement,

_____

[1] All capitalized terms not defined herein shall have the meaning set forth in the Motion.

and enter the Approval Order with Bar Order language.

       B.      The receipt of notice of the instant lawsuit by the parties thereto, and the service of claims notices upon persons by the Receiver in its Claims Process, constitutes good and sufficient notice upon such persons, and is reasonably calculated under the circumstances to notify all affected persons of the Motion, and the Settlement Agreement, of their opportunity to object thereto, and of their opportunity to appear and be heard at the hearing concerning these matters. Accordingly, all affected parties were furnished a full and fair opportunity to object to the Motion, the Settlement Agreement, the proposed Approval Order with Bar Order language and all matters related thereto, and to be heard at the hearing on the Motion, therefore complying with all requirements of applicable law, including, without limitation, the Federal Rules of Civil Procedure, the Court's Local Rules, and the due process requirements of the United States Constitution.

       C.      The Court has allowed any parties to the instant case or persons that have received a claim notice under the Receiver's Claims Process to be heard if they desired to participate. Each of these persons or entities has standing to be heard on these issues.

       D.      The Receiver and Shah Family negotiated for a period of several months; their negotiations included the exchange and review of numerous documents, multiple depositions, several telephone conferences, and two mediation sessions.

       E.      The Settlement Agreement was entered into in good faith, is the product of arm's length negotiations, and is not collusive. The claims the Receiver brought against the Shah Family involve disputed facts and issues of law that would require substantial time and expense to litigate, with significant uncertainty as to the outcome of such litigation, the measurement of damages, and any ensuing appeal.

       F.      The Receiver has a duty to preserve and maximize the value of the assets of the Receivership Estate for the benefit of claimants and creditors of Zilmil.

G.      Based upon the foregoing findings, the Court further finds and determines that entry into the Settlement Agreement is a prudent exercise of business judgment by the Receiver, that the proposed settlement as set forth in the Settlement Agreement is fair, adequate and reasonable, that the interests of all affected persons were fairly and reasonably considered and addressed, and that the Settlement Amount provides a recovery to the Receiver for the benefit of the Receivership Estate that is well within the range of reasonableness.

H.      The notice given to the limited universe of parties impacted by the Bar Order, which consist of the parties to the instant action and all persons who received notice under the Claims Process, through their respective participation in these proceedings and the Claims Process, is the best practical manner and method of providing notice of the proposed Settlement Agreement and Bar Order to such persons.  Through these notices, anyone with an interest in the Receivership Estate should have become aware of the Settlement Agreement and Bar Order and has been provided sufficient information to put them on notice how to obtain more information and/or object, if they wished to do so.

I.      The releases and other provisions in the Settlement Agreement are fair, adequate and reasonable, and in the best interests of all parties thereto.

J.      The Shah Family entered into the Settlement Agreement with a reasonable expectation of the entry of the Bar Order upon the limited persons to whom it applies.

K.      The Bar Order is appropriate in light of the limited number of persons that are subject to its terms, the nature of the potential claims against the Shah Family that are thereby barred, and the opportunity for the persons subject to the Bar Order to receive compensation through the Claims Process.  The interests of persons affected by the Bar Order and the releases in the Settlement Agreement were well represented by the Receiver, acting in the best interests of the Receivership estate in his fiduciary capacity.  Accordingly, the Settlement Agreement is fair,

adequate and reasonable, and in the best interests of the Receivership Estate, all persons impacted thereby, including without limitation all persons who are subject to the Bar Order and may have claims against the Shah Family relating to their involvement with the Zilmil Defendants.  The Bar Order is a necessary and appropriate order granting ancillary relief.

Based on the foregoing findings and conclusions, the Court **ORDERS, ADJUDGES, AND DECREES** as follows:

1.     The Motion is **GRANTED.**

2.     The Settlement Agreement entered into between the Parties is **APPROVED**, and is final and binding upon the Parties, their successors and assigns, as provided in the Settlement Agreement.

3.     The Parties to the Settlement Agreement are authorized to perform their obligations under the Settlement Agreement.

4.     Without limitation of the foregoing, upon the payment of the Settlement Amount as provided in Section II.C. of the Settlement Agreement, the general releases set forth in Section II.D of the Settlement Agreement are **APPROVED**, and are final and binding on the Parties and their successors and assigns, as provided in the Settlement Agreement.

5.      Nothing in this Order or the Settlement Agreement, and no aspect of the Parties' settlement or negotiations thereof, is or shall be construed to be an admission or concession of any violation of any statute or law, of any fault, liability or wrongdoing.

6.      The Parties' settlement and the Settlement Agreement reflect the Parties settlement of disputed claims that were contested between the Parties, and settled, in good faith.

7.     In accordance with the Settlement Agreement, upon the payment of the Settlement Amount as provided in Section II.C. of the Settlement Agreement, the Receiver is directed and authorized to dismiss with prejudice the Ancillary Case against the Shah Family.

8.      The Receiver's Motion for Imposition of Constructive Trust on Funds, Assets, and Real Property Traceable to Zilmil, Inc. (Doc. 268) is hereby **DENIED AS MOOT** as to Eric Shah.

9.      Any objections to entry of the Bar Order are overruled to the extent not otherwise withdrawn or resolved.

10.     The Bar Order as set forth in paragraph 11 of this Order is **APPROVED** as a necessary and appropriate component of the settlement.

11.     **BAR ORDER AND INJUNCTION: THE "BARRED PERSONS" ARE PERMANENTLY BARRED, ENJOINED, AND RESTRAINED FROM ENGAGING IN THE "BARRED CONDUCT" AGAINST ERIC SHAH, MANOJ SHAN AND SUJATA SHAH AND THEIR "RELATED PARTIES", WITH RESPECT TO THE "BARRED CLAIMS", as those terms are defined below**:

        a.      The "Barred Persons": The Barred Persons shall mean only the following: (i) Jason B. Scharf, individually and d/b/a Citrades.com and AutoBinaryTrading.com, (ii) CIT Investments, LLC, (iii) Brevspand EOOD, (iv) CIT Investments, Ltd., (v) A&J Media Partners, Inc., (vi) Michael Shah, (vii) Zilmil, Inc., (viii) the Commodities Futures Trading Commission, and by extension, the United States of America, and (ix) the other persons who have received actual notice of the Main Case, including any who received a claims notice or filed a claim pursuant to the Receiver's Motion to (A) Approve Noticing of Claims Process and (B) Plan of Distribution filed in the Main Case [ECF No. 229]; (x) any person or entity claiming by or through such persons or entities named in (i) – (ix) above, and/or the Receivership Estate, whether jointly or individually, directly, indirectly, or through a third party, and whether individually, derivatively, on behalf of a class, as a member of a class, or in any other capacity whatsoever.

        b.      The "Barred Conduct": The Barred Conduct shall mean instituting or otherwise prosecuting, pursuing or litigating in any case or manner, whether pre-judgment or post-

judgment, or enforcing, levying, employing legal process, attaching, garnishing, sequestering, bringing proceedings supplementary to execution, collecting or otherwise recovering, by any means or in any manner, based upon any liability or responsibility that directly or indirectly relates in any way to the Barred Claims.

        c.      **The "Barred Claims":**  The Barred Claims shall mean any and all claims, actions, lawsuits, causes of action, or proceedings of any nature, including, but not limited to, litigation, arbitration, or other proceeding, in any federal, state, or other court, arbitration forum, administrative agency, or other forum in the United States or elsewhere, whether arising under local, state, federal or foreign law, that in any way relate to or are connected with the Shah Family's participation in the activities of Zilmil or receipt of any transfers from the Zilmil Defendants;

        d.      The "Related Parties":   The Related Parties include the respective administrators, heirs, beneficiaries, transferees, agents, attorneys, and assigns of Eric Shah, Manoj Shah or Sujata Shah.

        12.      Other than by direct appeal of this Order, or motion for reconsideration or rehearing thereof, made in accordance with the Federal Rules of Civil Procedure, no appeal, challenge, decision or other matter concerning any subject set forth in this paragraph shall operate to terminate or cancel the Settlement Agreement, or to impair, modify or otherwise affect in any manner the Bar Order.

        13.      Without impairing or affecting the finality of this Order, the Court retains continuing and exclusive jurisdiction to construe, interpret and enforce this Order, including, without limitation, the general release in the Settlement Agreement and the Bar Order.  This retention of jurisdiction is not a bar to any person, including the Settling Parties, from raising the Bar Order to obtain its benefits in establishing reductions to damage awards or seeking to dismiss a claim.

**DONE AND ORDERED** in Chambers at Jacksonville, Florida, this _____ day of

_____, 2020.

_____
HONORABLE TIMOTHY J. CORRIGAN
United States District Judge, United States District
Court for the Middle District of Florida

Copies to:      All Parties of Record in the instant case and the Ancillary Case